## Butz *v.* Manning (et al., Appellant).

Argued November 29, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, DREW, LINN and BARNES, JJ.

*Harris C. Arnold,* with him *Harvey B. Lutz,* for appellant.

*Wm. B. Arnold,* with him *H. Edgar Sherts,* for appellee.

*F. Lyman Windolph,* of *Windolph & Mueller,* for defendant, Nelson E. Manning.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1936:
Bertha F. Butz brought this action against Nelson E. Manning and John Glennon to recover damages for the death of her husband, caused by a collision between the automobile belonging to and driven by Manning, in which her husband was riding as a guest, and a truck belonging to Glennon and driven by his employee. The jury found a verdict for plaintiff in the sum of $5,394.50 against Glennon and absolved Manning from all blame, their finding being specifically to this effect. From the judgment entered on the verdict Glennon appeals.

Before taking up the errors which are assigned, it may be well to outline the circumstances of the collision. When they are comprehended, the solution of the first question involved becomes obvious.

Manning, driving his automobile of the roadster type, with plaintiff's husband seated alongside him, was proceeding along a public highway toward a bridge from 19 to 24 feet wide flanked by stone walls. The bridge was in a dip in the road approached by a hill from each side. The only eyewitnesses to the accident were Manning and the driver of the truck. The latter was not called as a witness. Glennon testified that he could not be found when the endeavor was made to subpœna him.

Manning was called by plaintiff as a witness. His account of what occurred was in substance as follows: The collision took place on March 7, 1933, at about 5 : 15 p. m. There was a drizzling rain but Manning had a fairly good view ahead. He was driving at the rate of 30 or 35 miles an hour. As he reached the top of the hill leading down to the bridge, he looked over to the hill on the other side and saw a large truck coming down the middle of the road. As it proceeded down the hill, the truck continued in the middle of the road; to attract the truck driver's attention he flashed his lights, thinking this would cause him to pull over to his side of the road. Instead of doing so, the truck continued in the middle of the road, and as Manning entered the east end of the bridge, the truck entered the west end. Manning meanwhile reduced his speed to 15 or 20 miles an hour and drew over to the right as far as he could, his fender rubbing the stone wall of the bridge. The truck came on "hogging" the center of the road and when it was approximately 50 feet from him, Manning seeing that he could not get through the space between the truck and the stone wall, put his brake on hard and the collision occurred. Both Manning and plaintiff's husband were thrown out of the car and the latter was killed. The road was wet and the tires on Manning's car were worn

smooth. He could not estimate the speed of the truck. Manning's car was 5 feet 9 inches wide and the truck 8 feet wide. There was ample room for the truck to have safely passed if the driver had pulled over to the right.

The first error alleged is in the trial judge's answer to a point submitted by the defendant, Manning, in which the court was asked to charge that a verdict could not be rendered against him as the result of evidence offered by Glennon. The court affirmed the point, adding the statement, "The evidence offered by Glennon with reference to Manning must be considered by you only as affecting his credibility."

The contention of appellant is that the collision was due to Manning's suddenly jamming on his brakes on a wet road, his car being equipped with worn tires, causing the rear of his car to skid into the path of the truck. To establish this contention appellant relies largely, if not completely, upon statements alleged to have been made by Manning to a highway patrolman after the accident. It is to these statements testified to by the patrolman that the trial judge's comment on the point relates. It is argued by appellant that the patrolman's testimony as to Manning's statements was evidence generally against Manning, not to be limited to his credibility and that they should have been submitted to the jury on the main issue involved, namely, whether the negligence was that of Manning or of the truck driver. In his general charge the trial judge had submitted this question to the jury. In their brief appellant's counsel thus state their position: "We do not complain because the instruction prevented a verdict against Manning. We would have no standing to do that. But we do contend that the answer to the point in question, by reason of its form and the circumstances surrounding it, was prejudicial to the appellant in that it directly contradicted other parts of the charge, and in that it went beyond the point submitted and directly and by implication deprived appellant of the benefit of important evi-

dence in his favor." When we look carefully into the record we reach the conclusion that this position of appellant is not well taken. His own attorney in offering the testimony of the patrolman limited its effect to testing the credibility of Manning's evidence.

When the patrolman was called to the stand by appellant's counsel, on demand by Manning's attorney for an offer of proof, appellant's counsel proposed to ask the witness whether Manning had made an admission to him that the accident was due to his (Manning's) fault; Manning on the stand had already denied making such a statement. Being asked by Manning's attorney whether the offer was restricted to the issue between the plaintiff and the defendant Glennon, or whether it was made generally, appellant's counsel replied: "This offer is made with reference to affecting his credibility. That is the only purpose." Later appellant's counsel stated, speaking of the testimony of the witness when its admissibility was again called in question: "It goes to credibility your Honor." All of the patrolman's testimony was given as thus limited. In view of the attitude of appellant's own counsel in offering the testimony of the patrolman, all of which was thus limited, the court could not be convicted of error in stating to the jury that the testimony was to be considered by the jury in the way appellant's counsel said it was to be received when he offered it. Furthermore, we are in grave doubt as to whether the patrolman's testimony in any respect made out a defense for Glennon. If Manning, in an endeavor to avoid the truck which was occupying more than its share of the road, did throw on his brakes and cause his car to skid on the wet road, this did not absolve Glennon's driver of negligence. So far as the testimony of the stenographer who was called by appellant to testify from her notes to a statement made by Manning at a hearing is concerned, it is sufficient to say that what she read would not absolve defendant and is fully reconcilable with what Manning said at the trial.

Complaint is made that the court did not properly instruct the jury concerning the use of life expectancy tables and concerning the subject of present worth. While it may be said that the instructions in both respects were somewhat scanty, we are fully satisfied from the moderateness of the verdict that appellant was in no way prejudiced thereby: Herb v. Hallowell, 304 Pa. 128, 137.

The assignments are overruled and the judgment is affirmed.