Kitchen *v.* Grampian Borough, Appellant.

Argued April 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William U. Smith*, with him *Smith, Smith & Work*, for appellant.

*Carl A. Belin, Jr.*, with him *Belin & Belin*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1966:
James Kitchen was injured when he fell on a sidewalk in the Borough of Grampian at a point in front of privately owned property. Kitchen filed a suit in

trespass against the Borough, and the Borough brought in as additional defendants Ward McDonald and Gust Chelgren. It developed at the trial that the McDonald property was owned by Ward and Faith McDonald and the Chelgren property by Gust Chelgren and his wife, Marie. The defendant moved to amend to include the other mentioned persons as party defendants. The amendment was allowed. After the trial which resulted in a verdict for the plaintiff against the Borough and both Chelgrens, the Chelgrens moved for a new trial.* The lower court granted the new trial, giving reasons.

The reasons assigned by the trial court for a new trial are unfair to itself. The court says that it "is constrained to indict itself as having erred" in two instances. Neither one deserves the self-criticism imposed.

The first auto-censure is in allowing amendment of the defendant's original complaint. In cases of this kind the involved municipality has a right of indemnification against the property owner. This right ripens into a litigable reality when a judgment is entered against the municipality. The municipality, therefore, is not bound by the expiration of the statute of limitation applicable to the injured plaintiff. In *Carlin v. Pennsylvania Power & Light Co.*, 363 Pa. 543, we said (p. 545) : ". . . Where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable: Zachrel, Admrx. v. Universal Oil Products Company et al., 355 Pa. 324 (1946). However, the rule is different where the defendant claims and submits facts in the complaint which indicate that the additional defendant is liable over to him, or jointly liable.

---

* They had also filed a motion for judgment n.o.v., which was later abandoned.

" 'The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant.' Goodrich-Amram Rules of Civil Procedure, Comments on Rule 2252 (a)-9."

The case of *Saracina v. Cotoia*, 417 Pa. 80, cited by the lower court is not apposite. There, the amendment was not allowed because the plaintiff attempted to bring in for primary liability, after the statute of limitations had expired, a new party.

Neither is the second averment of mea culpa of the lower court of such a character as to warrant a new trial. While trial rules and procedure must be obeyed in order to assure just verdicts based on evidence, it does not follow that a new trial is imperative if it is demonstrated that a slight deviation from the highway of technical procedure did not take justice over the brink. The trial court says that "it failed to instruct fully as to the effect of life expectancy, as determined by life expectancy tables."

It is true that the charge in this respect suffered in content. It is not apparent, however, that the fundamentals of life expectancy, in connection with future loss of earning power, were not adequately communicated to the jury. The resulting verdict would indicate that neither side suffered from the lack of a fuller treatment of the subject.

The complaint raised by the appellant on this feature of this case had its prototype in the case of *Butz v. Manning*, 320 Pa. 336, where this Court, speaking through Justice SCHAFFER, concluded that the scarcity of steam in the engine of the charge did not fail to carry the reasoning of the jury to a just and fair ter-

mination of the litigation, and accordingly affirmed the judgment: "Complaint is made that the court did not properly instruct the jury concerning the use of life expectancy tables and concerning the subject of present worth. While it may be said that the instructions in both respects were somewhat scanty, we are fully satisfied from the moderateness of the verdict that appellant was in no way prejudiced thereby."

We are satisfied here that justice has been done and that a retrial of the cause is unnecessary.

Order reversed with directions that judgment be entered on the verdict.