## Holtby v. Mason

144

*Gawthrop & Greenwood,* for plaintiffs.
*MacElree, Platt, Marrone & Harvey,* for defendants.
*Reilly & Fogwell,* for additional defendants.

RILEY, J., September 26, 1966.—Plaintiffs' complaint in trespass alleges in substance that plaintiff, Margaret Holtby, was injured when a social guest of defendant Robert Mason at his residence in this county, in that a flock of guinea hens under his custody and control, and which he knew or had reason to know to be vicious and of mischievous nature, especially when hatching their young and caring for their young, flew at plaintiff when said flock was escorting their newly hatched chicks across a path on defendant's property and pecked and clawed her. Plaintiff avers she was injured when she fell in her attempt to escape the attack and points to defendant's negligence in his permitting them to wander at large on his property and his failure to warn her of their vicious nature. Following service of the complaint upon

him, defendant filed a complaint seeking to join Robert Neff and Anne Neff as additional defendants, averring that at the time of the occurrence, defendant, C. Robert Mason, was on a vacation and absent from the premises, and that additional defendants were in complete possession and control of defendants premises and had invited plaintiffs upon the property as their guests. The incident occurred on August 20, 1963. Praecipe for summons had been filed on July 22, 1965. The original complaint was filed January 10, 1966, and the complaint to join additional defendant was not filed until March 3, 1966. Additional defendants reside in Montgomery County, and service of the complaint against them was made by the deputization of the Sheriff of Montgomery County.

Additional defendants have filed preliminary objections to the complaint, raising the propriety of the deputized service, averring that the complaint does not state facts from which liability of the additional defendants would arise and that the complaint, at best, asserts a sole liability upon the part of additional defendants and the statute of limitations had expired before their attempted joinder.

Defendant argues his right to employ the process of deputized service is to be found in the provisions of the Act of July 1, 1937, P. L. 2665, sec. 1, 12 PS §106: ". . . in cases where claims are made for damages arising from any accident or injury occurring upon real estate, the footways, sidewalks, and curbs adjacent thereto, it shall be lawful to commence an action for the recovery of damages in any court of record in the county wherein the real estate, footways, sidewalks, and curbs, are located, and service of process may be made by the sheriff of the county in which the action is brought, by deputizing the sheriff of the county wherein the defendant resides . . . . " While additional defendants only argued that defendant was

not a "plaintiff" under Pennsylvania Rule of Civil Procedure 1043 and, therefore, not authorized to employ deputized service, defendant argues the more appropriate point as to whether the right of deputized service exists in the first place. There is no doubt that defendant has the same rights of service as though he were an original plaintiff bringing an action against additional defendant; Pa. R. C. P. 2254 specifically so provides, and we have so ruled in Hayes v. Warstler, 36 D. & C. 2d 429, 13 Chester 25. If plaintiff had the right to deputized service, defendant likewise had the right to such type of service to join an additional defendant, whether or not plaintiff in fact used deputized service: Emert v. Larami Corporation, 414 Pa. 396. Defendant concedes, as he must, that under Pa. R. C. P. 1042, defendant not being a corporation, only the place of venue is where he may be personally served unless an Act of Assembly authorizes another county. Rule 1043 only authorizes deputized service where the action is brought in the "cause of action" county. As pointed out in 2A Anderson Pa. Civ. Prac. §1043.2, n. 30, page 638, rule 1043 was not intended to create venue, but only to specify a type of permitted service when venue was properly within the "cause of action" county and the action was so instituted. See also Olson v. Kucenic, 389 Pa. 506. As above noted, defendant relies upon the Act of 1937 to place venue in the cause of action county.

Defendant relies upon the fact that the Act of 1937 states "damages arising from any accident or injury occurring *upon* real estate, the footways, sidewalks, and curbs adjacent thereto" (italics supplied), and argues the accident and injury here involved happened "upon" real estate and a footway of the real estate; therefore, the act authorizes suit in the county where the real property is located. The Supreme Court has construed the meaning of the Act of 1937 as limiting

the venue to cases where the cause of action arose from a condition inherent in or incident to realty. In Rich v. Meadville Park Theatre Corporation, 360 Pa. 338, at page 341, Justice Patterson states: "It is sufficient that here the pleadings establish that the cause of action arose from negligence either by acting or failing to act as regards the *premises themselves.* . . . " (Italics supplied). More pertinent to the case at hand is the case of Olson v. Kucenic, supra, wherein the Supreme Court denied the right to deputized service where the accident or negligence merely happened upon real property. Chief Justice Jones, after pointing out that a contrary interpretation would have the Act of 1937 conferring venue of every trespass action in the cause of action county because virtually all accidents occur upon land in some county, states at page 510: " . . . even a cursory reading of the Act in its entirety convinces beyond reasonable question that the intent of the legislature was to provide for extra-county service of process where the cause of action arose from a *condition inherent in or incident to realty or from an owner's or possessor's acting or failing to act in respect of his realty or the statutorily specified appurtenances"*. (Italics supplied).

It is quite clear from these decisions that actions upon realty having no relation to the condition of the realty itself are not within the scope of the Act of 1937, and it is equally clear that physical defects directly related to the property causing injury are embraced within its provisions. We are here faced with a mid-ground circumstance between the clear extremities. Additional defendants argue the existence of unguarded guinea hens upon the premises does not constitute a condition inherently connected with or incident to the property itself but a circumstance wholly apart from the realty. Defendant, however, contends

that dangerous hens wandering about constituted a condition of the premises and the alleged failure to warn plaintiff to be a violation of additional defendants' duty as owner or possessor of land and, as directly related to the land as any other physical defect, the only distinction from Rich v. Meadville Park Theatre Corporation, supra, circumstances being the mobility of the condition here, as compared to the rigidity or affixed nature of the danger in the Rich case. Between the two views so expressed, we must favor that of defendant. In the construction of the Act of 1937 in the Olson case, supra, we note that Chief Justice Jones does not limit the scope merely to the inherent physical condition of the premises itself, but extends it to " . . . or from an owner's or possessor's acting or failing to act in respect of his realty or statutorily specified appurtenances". We take this to include the conditions a nonresident owner or possessor creates or permits to exist upon his premises in violation of his duties as owner or possessor of the property. Such is consonant with the apparent purpose to be accomplished, and a distinction drawn between a mobile condition and a stationary one appears to us to be a distinction without a relevant difference. If a nonresident actor who creates or permits to exist a dangerous structure upon land is subject to deputized service, an owner or possessor who creates or permits a dangerous condition to exist upon his property in the form of vicious animals must certainly be embraced within the same purpose of coverage. Both are related to the conditions existing upon realty and the duties imposed upon an owner or possessor of realty with regard to the use and maintenance of his property. Under the circumstances, as averred in the pleadings before us, we deem the use of deputized service as effective and proper to bring additional defendants into the action.

Additional defendants' contention that the complaint does not state facts from which liability of additional defendants might be inferred is without merit. The complaint sets forth sufficient facts to aver sole liability upon the part of additional defendants, namely, the sole and complete possession and control of the premises, knowledge of the viciousness of the guinea hens when with newly hatched young ones and that such condition existed and the failure to warn plaintiff. While the word "negligence" was not used, circumstances sufficient to establish the duty of care and its breach were fully averred. However, the final objection, when viewed in relation to the facts averred in the complaint of additional defendants, appears well taken.

It is obvious on the face of the pleadings, and admitted by defendant, that the statute of limitations had run as respects their sole liability to plaintiff. It is well established that an additional defendant may not be joined as solely liable to plaintiff after the statute of limitations has run, and the complaint against the additional defendant must state facts from which joint liability with, or liability over to, defendant may be found. Justice Musmanno, in Kitchen v. Grampian Borough, 421 Pa. 464, at page 466, states the rule, quoting from Carlin v. Pennsylvania Power & Light Co., 363 Pa. 543; " 'Where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable: Zachrel, Admrx. v. Universal Oil Products Company et al., 355 Pa. 324 (1946). However, the rule is different where the defendant claims *and submits facts* in the complaint which indicate that the additional defendant is liable over to him, or jointly liable' ". (Italics supplied). While defendant avers joint and several liability on the part of additional

defendants, the facts he asserts do not establish joint liability, but are very pointedly directed to sole liability. If we accept defendant's averments as true, he has made out a case of sole liability on the part of additional defendants and has exonerated himself from any liability whatever. There are no averments anywhere in the pleadings connecting defendant and additional defendants. Defendant avers he left the premises on vacation and that additional defendants were in complete control of the property and all things upon it. He avers that, if anyone was found to have custody and control of the hens, it was additional defendants. He denies knowledge of their young and the vicious propensities and avers such knowledge as to additional defendants. Defendant, in asserting joint liabilities, has merely averred a legal conclusion and has not alleged facts in support of those conclusions. The issue here is very similar in principle to Zacharel, Admrx. v. Universal Oil Products Company, 355 Pa. 324, wherein the rule we now apply was clearly and explicitly set forth and controls the case before us.

While the complaint does not now set forth facts from which joint liability might be inferred, we perceive that such averment is not impossible and that other facts may exist which, if properly pleaded, would constitute a situation supporting a conclusion of joint liability. We will not enter a final judgment, therefore, without an opportunity for defendant to amend his complaint.

Wherefore, September 26, 1966, the preliminary objection of additional defendants is sustained and the joinder of said additional defendants ordered stricken unless defendant files and serves upon said additional defendants an amended complaint in which sufficient facts are averred to sustain an action against said additional defendants under the circumstances within 30 days from this date.