**Coleman v. James A. Clancy & Co., Inc.**

*Henry M. Kuller* and *Earle J. Patterson*, for plaintiff.
*Bernard P. Carey, Jr.*, for defendants.

DeFURIA, J., June 23, 1972.—Plaintiff commenced this action in trespass alleging he suffered personal injuries on April 3, 1967, due to defects in a door manufactured by defendant, North American-Winfield Door Corp., resold by defendant, James A. Clancy & Co., Inc., delivered on July 16, 1965, and installed in a school by contractor defendant, Joseph C. Fraim.

In April, 1969, James A. Clancy & Co., Inc., filed an answer. On October 13, 1971, defendant James A. Clancy & Co., Inc., petitioned to amend its answer by adding new matter, consisting of cross claims against defendant, North American-Winfield Door, Inc., sounding in trespass for indemnity and in assumpsit under the Uniform Commercial Code of October 2, 1959, P. L. 1023, as amended, for breach of warranty.

Defendant North American-Winfield Door Corp. has filed preliminary objections contending there is a misjoinder of actions, that the statute of limitation has run and that defendant James A. Clancy & Co., Inc., is guilty of laches.

Pennsylvania Rule of Civil Procedure 2252(a) is defendant James A. Clancy & Co., Inc.'s authority to join North American-Winfield Door Corp. as an additional defendant:

"(a) In any action the defendant or any additional

defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Joining an additional defendant is limited to those causes arising out of the transaction or occurrence or series of transactions or occurrences upon which plaintiff's cause of action is based. The rule specifically authorizes the joinder on any cause of action provided it arises out of the transaction, etc., wherein plaintiff's cause of action is based.

We find no misjoinder of causes of action since the injury arises out of the series of transactions starting with the manufacture of the door.

The statute of limitations on a claim for indemnity will begin to run when the right to indemnity ripens into a litigable reality, as when a judgment is entered: Kitchen v. Borough of Grampian, 421 Pa. 464, 219 A.2d 685 (1966). Therefore the statute of limitation would commence to run on the claim of indemnity when a judgment is entered against the petitioner.

The statute of limitations for the breach of warranty under the Commercial Code is found in 12-A PS §2-725, which reads as follows:

"(1) An action for breach of contract for sale must be commenced within four years after the cause of action has accrued . . .

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that

where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

If the proposed amendment were to aver an explicit warranty extending to future performance of the goods, the statute of limitations would not have run. As written, the proposed amendment does not meet the requirements of the statute.

The last objection is that of laches. Pennsylvania Rule of Civil Procedure 1033 permits amendment of the pleadings at any time. Since there is no inconvenience to any party or delay, the amendment will be allowed.

### ORDER

And now, this June 23, 1972, petitioner is given 20 days leave to further amend the answer to aver facts which amount to an explicit warranty extending to future performance.

In the event petitioner fails to further amend as herein provided, defendant North American-Winfield Door Corp.'s preliminary objection to the assumpsit claim under the Commercial Code is sustained. All other preliminary objections are dismissed.