Dickson *v.* Lewandowski (et al., Appellant).

*Thomas F. Weis*, with him *Weis & Weis*, for appellant.

*M. Lawrence Shields, III*, with him *Theodore T. Blair*, and *Kuhn, Engle, Blair and Stein*, for appellees.

OPINION PER CURIAM, June 14, 1973:

This is an appeal by an additional defendant from the lower court's judgment in a negligence action for personal injuries. It is the appellant's contention that the judgment of the court should have been against the original defendant, with judgment over against the appellant in favor of the original defendant for an amount paid by the original defendant in excess of his pro rata share of the verdict. The appellees, plaintiffs below,

contend that the judgment of the court against both defendants in favor of the appellees should be affirmed. We remand to the lower court for clarification and completion of the record.

On June 22, 1968, plaintiffs suffered personal injuries while riding in a car driven by the appellant which collided with one driven by the original defendant. Plaintiffs filed a complaint in trespass on June 8, 1970, against the original defendant, who was served on June 15. Neither a praecipe for a writ to join an additional defendant nor a complaint against such additional defendant appears in the record; but on September 18, 1970, appellant, denominating himself an additional defendant, answered the "complaint" against himself and asserted as new matter that any claims of the plaintiffs against him were barred by the applicable 2-year statute of limitations. The answer was endorsed with a notice to plead and service of same was accepted by one of the attorneys.

On September 20, 1970, the original defendant filed a petition for an extension of time to join appellant as an additional defendant.[1] No disposition of the petition appears in the record.

In April of 1972, the jury in the case found that the legal responsibility for the collision was that of both the original defendant and the appellant, and determined damages. Following denial of appellant's motions for judgment notwithstanding the verdict and for a new trial, judgment was entered on the verdict. Appellant's appeal was taken on August 31, 1972. On March 6, 1973, releases by the plaintiffs given to a

---

[1] Under Pa. R. C. P. No. 2253, no praecipe for a writ to join an additional defendant or complaint designed to effect such joinder may be filed later than 60 days after service of the plaintiff's initial pleading or amendment thereof on the original defendant, without leave of the court upon cause shown.

certain insurance company, apparently the insurer of the original defendant, were filed with the record.

The substance of appellant's argument is that because of the running of the statute of limitations prior to his joinder as an additional defendant his liability with regard to the action at bar would be limited to an obligation to pay contribution to the original defendant. *See* 2 Standard Pennsylvania Practice 408 (1956). However, the record is silent as to whether, when, how, and on what grounds the additional defendant was joined. Under the circumstances, it is impossible to determine the merits of the case or to evaluate the possible waiver of issues by the appellant. For that reason, the record is remanded for clarification and completion in accordance with this opinion.

Record remanded for clarification and completion.

