**Hauber v. Mathis**

*Samuel L. Glantz,* for plaintiff.
*Gordon Erdenberger,* for defendant.

GARB, J., January 7, 1975—On April 4, 1974, plaintiff herein caused a praecipe for a writ of summons to be issued in this action in trespass naming defendant herein as well as one, Corinne Stein and Marion Stanley as defendants. A writ of summons was thereupon issued by the prothonotary and served by the sheriff upon all three named defendants. On June 27, 1974, plaintiff filed a complaint naming defendant herein as the only defendant, in which it was alleged that the cause of action upon which it was filed arose on April 7, 1972. Defendant has filed preliminary objections to the complaint as in the nature of a motion to strike on the grounds that the complaint, naming only defendant and omitting the other two defendants named in the writ of summons, constitutes essentially a discontinuance of the action against the other two defendants not accomplished pursuant to Pa. R.C.P. 229. It is defendant's contention that the effective discontinuance as applied to the other two named defendants should not be permitted because of the prejudice to her in being denied the right to join those other two named defendants as additional defendants because of the lapse of the period of limitation of actions as set forth in the act of June 24, 1895, P.L. 236, sec. 2, 12 PS §34. In this contention, we presume that defendant relies upon Dickson v. Lewandowski, 228 Pa. Superior Ct. 57 (1974), holding that where the statute of limitations had run against plaintiff's cause of action, additional defendants cannot be joined on a sole liability theory.

We do not reach the question of whether the complaint against only one of the three original defendants named in the writ of summons constitutes an

effective discontinuance against the other two defendants because defendant's contention of prejudice is ill-founded. By virtue of the provisions of Pa. R.C.P. 2252, defendant may join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by plaintiff, or jointly or severally liable thereon with him. Rule 2253 provides that such joinder may be made as of right within sixty days after the service upon the original defendant of the initial pleading of plaintiff. Where preliminary objections have been filed to the complaint the 60 day period begins to run from the disposition of the preliminary objections: Graham v. Greater Latrobe School District, 436 Pa. 440 (1970).

Under Pa. R.C.P. 1007, an action may be commenced in this manner within the statutorily permissible period, and thereby the statute is tolled for a period of two years from the date on which the praecipe for the writ of summons is filed where the writ is not served: Yefko v. Ochs, 437 Pa. 233 (1970); Ehrhardt v. Costello, 437 Pa. 556 (1970); Will v. Malosky, 432 Pa. 246 (1968) and Zarlinsky v. Laudenslager, 402 Pa. 290 (1961), where the writ is served, the statute of limitations is no longer available to defendant as a defense: Salay v. Braun, 427 Pa. 480 (1967). Therefore, the period of the statute of limitations is tolled by virtue of the filing of the praecipe for and service of the writ of summons as of the date on which it was filed, April 4, 1974. Therefore, the period of the limitation of actions against all of three defendants is no longer a matter of concern and defendant named in the complaint is still free to join the other two defendants as additional defendants under Rules 2252 and 2253, on a basis of sole or secondary liability. The prejudice asserted by defendant, therefore, does not really

exist and we are satisfied that in the interests of orderly and speedy justice the preliminary objections should be denied with leave to defendant to file an answer thereto joining whomever she wishes.

Defendant's second basis for preliminary objection is some alleged conflict of interest on the part of plaintiff's counsel. Assuming, without deciding, that the basis of this assertion is a matter of record, we do not believe this is the appropriate forum, at this time, to redress this alleged grievance.

### ORDER

And now, January 7, 1975, it is hereby ordered, directed and decreed that defendant's preliminary objections are denied, dismissed' and overruled with leave to defendant to file an answer thereto within 20 days of the date hereof.