## Lesevich v. Ruch

*Leonard R. Apfelbaum*, for plaintiff.

*Thomas J. Evans* and *John A. Mihalik*, for defendants.

*Henry G. Hager*, for additional defendants.

MYERS, *P. J.*, March 24, 1975—This action in trespass arises out of an incident which occurred in a cabin situate in Jonestown, Fishingcreek Township, Columbia County, Pa., on or about January 9, 1971, in which plaintiff's decedent and two companions were found dead in the cellar or "pit area" of said cabin.

A chronological review of the matter indicates that on January 3, 1972, a wrongful death and survival action was commenced by the issuance of a summons in trespass against Clark E. Ruch, Jr. and Carmelita O. Ruch, his wife (hereinafter called defendants). Subsequently, on July 11, 1974, plaintiff filed a complaint, which was served on defendants. Then, on September 6, 1974, defendants filed a complaint to join Earl Heller, Sr., formerly t/a Hellers Bottled Gas Service, and E. R. Heller Fuel Service, Inc. (hereinafter called additional defendants).

Additional defendants have filed preliminary objections to defendants' complaint as follows: (1) In the form of a demurrer alleging that the defendants' complaint was barred by the Statute of Limitations; (2) In the form of a motion to strike alleging that defendants' complaint was not timely filed as required by Rule 2253 of the Pennsylvania Rules of Civil Procedure.

Respective counsel for defendants and additional defendants have filed briefs on the above issues, and the matter is now before us for disposition.

In the first count of the preliminary objections, i.e., the demurrer, additional defendants allege that defendants are barred by the one year statute of limitations in death actions from claiming that additional defendants are solely liable for plaintiff's, Stanley D. Lesevich's, death. In Kitchen v. Grampian Borough, 421 Pa. 464, 219 A.2d 685 (1966), the court stated that where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on the allegation that he is alone liable.

However, the rule is different where defendants claim and submit facts in the complaint which indicate that additional defendants are liable over to defendants, or jointly liable with defendants.

Thus, the fact that the statute of limitations will bar plaintiff from a direct recovery against additional defendants can have no effect on defendants' right to enforce a claim of contribution or indemnity against additional defendants. The cause of action owned by plaintiff is distinct from the cause of action arising out of the duty of additional defendants to indemnify defendants. See 8 Goodrich-Amram comments on Rule 2252 et seq.

In light of the above rationale, we must examine the language used by defendants in their complaint against additional defendants. In paragraph 7 of that complaint, it states as follows: "7. The Defendants join the Additional Defendants to protect their right of contribution in the event that it is judicially determined that the Defendants and the Additional Defendants were jointly or severally liable to the Plaintiff, the existence of any liability on the part of the Defendants being expressly denied."

In 39 Words & Phrases 91, and in Blacks Law Dictionary, 1540, it is stated that the phrase "severally liable" implies that each one is liable alone. It appears that paragraph 7 of defendants' complaint against additional defendants intermingles joint and sole liability in its demand.

Thus, to the extent of the phrase "or severally liable" in defendants' complaint, we sustain the additional defendants' demurrer. As to the rest of paragraph 7, we dismiss the additional defendants' demurrer. See Sanders v. Bell, 56 Luz. 175.

In the second count of their preliminary objections, additional defendants move to strike defendants' complaint on the grounds that it violates Rule 2253 of the Pennsylvania Rules of Civil Procedure. Said rule provides as follows: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In Graham v. Greater Latrobe School District, 436 Pa. 440, 260 A.2d 731 (1970), the court, in referring to Rule 2253 stated that the praecipe or complaint must be filed within one of the following three periods: (1) Within 60 days after service on defendant of the plaintiff's complaint; (2) Within 60 days after service on defendant of an amendment of plaintiff's complaint; (3) Within such greater time as may be allowed by the court upon cause shown.

The court made no mention of a summons in its interpretation of Rule 2253.

In the case at bar, defendants' complaint against additional defendants was filed more than two years after plaintiff issued his original summons in trespass. It should be noted that in wrongful death and survival actions, the statute of limitations is one year. However, in this case, it should be further noted that defendants' complaint against additional defendants was filed within 60 days from the date plaintiff filed his *complaint.*

Therefore, the issue resolves itself down to the question as to whether a summons constitutes a "pleading" within the meaning of Rule 2253. If the summons is not a "pleading" within the concept of this rule, then defendants' complaint was timely filed in that it was filed within 60 days following the filing of plaintiff's complaint, in which case plaintiff's complaint would be the initial "pleading." However, on the other hand, if the summons is construed to be a "pleading" within the meaning of Rule 2253, then additional defendants' motion to strike must be sustained, in that defendants' complaint would not have been filed within 60 days following plaintiff's initial "pleading."

In 3 Standard Pa. Pract. §§5, 9, the nature and functions of pleadings are defined. Pertinent portions of that section are as follows: "Pleadings are the. . .statements in a logical and legal form of the facts which constitute the plaintiff's cause of action. . .the word 'facts,' as thus used, refers to the ultimate or operative facts, as distinguished from evidential facts, which constitute the plaintiff's cause of action. . .It is the formal allegation on statement of the claim or defense made by a party to an action, presenting the issue to be tried and determined, the formal mode of alleging that on the record which would be the support of the ac-

tion or the defense of the party in evidence. . .One purpose is to give fair notice to an opponent of what propositions will confront him at the trial, and something as to the nature and 'setting' of these propositions, so as to avoid unfair surprise and so that he may have reasonable opportunity to prepare to meet said propositions."

In applying the distinction between a summons and complaint to the above rationale, as set forth in Pennsylvania Standard Practice, we find that a summons merely recites that an action has been commenced, but fails to provide any of the factual or informative requisites of a "pleading." It is only when a complaint is filed that opposing party becomes informed of the facts which he must be prepared to meet at trial. Not until receipt of a complaint is the opposing party adequately appraised, procedurally and substantively, of the issues involved in the cause of action.

Thus, we conclude that a summons fails to provide this necessary information to the opposing party, and is, therefore, not a "pleading," within the meaning of Rule 2253 of the Pennsylvania Rules of Civil Procedure.

Accordingly, under these circumstances, defendants' complaint against additional defendants was timely filed within 60 days of plaintiff's initial pleading, i.e., plaintiff's complaint.

Without further comment, we make the following

## ORDER OF COURT

And now, March 24, 1975, additional defendants' motion to strike is denied; additional defend-

ants' demurrer is sustained as to the phrase "severally liable" in paragraph 7 of defendants' complaint. Defendants are hereby allowed 20 days from the date of this order within which to file an amended complaint, in conformity with this opinion.