## Grugan v. Johns-Manville Corp. (No. 1)

*Gene Locks*, for plaintiffs.

*Richard P. Brown, Jr., Francis Marshall, Barton L. Post, Joseph J. Murphy, Edward Greer, John J. O'Brien, Jr., Dudley Hughes, Howard M. Girsh, Stanley P. Stahl, Fred C. Aldridge, Joseph R. Thompson, Robert Reeder, Richard K. Masterson, Francis E. Shields, Edward Joseph, A. Grant Sprecher, Albert L. Bricklin, Jonathan Wheeler, Joseph R. Thompson, Daniel T. McWilliams, Turrey A. Kepler, Earl T. Britt, Nino V. Tinari, Peter P. Liebert, III, Daniel J. Ryan, and Robert Keller* for defendants.

TAKIFF, *J.*, July 26, 1977 — Before us is plaintiffs' motion for leave to discontinue as to certain defendants in the above-captioned case.

As originally filed on January 14, 1977, the complaint stated an action by 27 plaintiffs and their spouses against 42 defendants. By order dated May 10, 1977, we sustained defendants' preliminary objections alleging, inter alia, misjoinder of plaintiffs. At the same time, plaintiffs were granted, inter alia, leave to file separate amended complaints for each husband and wife within a specified time, and were also granted leave to conduct pre-pleading discovery as to certain defendants. Our order of July 1, 1977, subsequently provided for the filing of all amended complaints, including those as to which pre-pleading discovery had been granted, on or before September 15, 1977. We therefore treat the instant motion as on behalf of all 27 sets of plaintiffs.

Upon our consideration of plaintiffs' memorandum in support of its motion, the answers in support and opposition thereto filed by defendants, and argument on the matter, we grant the motion as to all plaintiffs.

Plaintiffs' motion seeking discontinuance, which was filed on June 21, 1977, is addressed to the following 21 defendants: Rock Wool Manufacturing Company, Inc., Taylored Industries, Inc., Anchor Packing Company, Certain-teed Corporation, Union Carbide Corporation, The Flintkote Co., Combustion Engineering, Inc., Burlington Industries, Incorporated, Rorer-Amchem, Inc., Minnesota Mining and Manufacturing Company, Janos Asbestos Company, Inc., Pittsburgh Coke and Chemical Co., Grant Wilson, Inc., ITT Grinnell, Greene Tweed and Co., Eastern Refractory Co., Phoenix Asbestos

Co., Penn Pipe Hanger Co., Pars Manufacturing, Ace Asbestos Manufacturing Co., Kay Asbestos Co. In their motion, it is stated that pre-trial discovery and investigation by plaintiffs have indicated to them an inability to establish a factual basis of liability as to the above-mentioned defendants.

In seeking to discontinue suit against the 21 proposed defendants, plaintiffs press the idea that according to Pa. R.C.P. 229(c), leave to discontinue should be granted whenever the facts are such that a court would refuse to strike off a discontinuance. In addition, they assert that no prejudice will inure to those defendants remaining as parties in the action should their motion be granted because Pa. R.C.P. 2252 allows joinder as additional defendants upon the allegation of sufficient facts.

In response to plaintiffs' motion, the following defendants filed answers in opposition: Delaware Asbestos & Rubber Co., Fibreboard Corp., Johns-Manville Corp., Johns-Manville Sales Corp., UNARCO, GAF Corp. and Armstrong Cork Co.; the last named subsequently withdrew its answer. Defendant Certain-teed Corporation filed an answer in support of plaintiffs' proposed discontinuance.

Objecting defendants assert, inter alia, three general grounds of prejudice which would result from the grant of plaintiffs' motion. First, they claim that those defendants as to whom plaintiffs have not chosen to discontinue would be required to undergo the inconvenience of repeating the discovery already conducted by plaintiffs in order to join as additional defendants those let out of the case. Second, it is asserted that the expense involved in conducting discovery for the purpose of joinder is burdensome and prohibitive, and that prejudice would

result if after such discovery defendants were barred from joining additional defendants on the basis that the applicable statute of limitations had run. Finally, it is stated that since defendants have not heretofore filed cross-claims inter se, a discontinuance would effectively remove their opportunity to do so as to the 21 defendants removed by discontinuance.

Discontinuance as to less than all defendants in an action is governed by Pa. R.C.P. 229(b) which provides as follows:

"A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties."

Generally, where a plaintiff seeks to discontinue as to one of many defendants, the remaining defendant or defendants can object only upon a showing of prejudice by the discontinuance: Ford, Jr. v. Stashick, 49 Luz. 139 (1959); Com. ex rel Alpern v. Penna. Coal Co., 75 Dauph. 190 (1960).

The standard for determination of whether to grant a discontinuance is found by reference to Pa. R.C.P. 229(c), which has been interpreted to mean that a discontinuance should not be granted if the facts are such that the court would strike a discontinuance: Keiser v. Keiser, 4 D. & C.2d 65, 45 Luz. 203 (1955). Rule 229(c) states: "(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

By such an inversion between 229(b) and 229(c), the negative of the latter becomes the affirmative delineating the boundaries of the former.

While it is true that some inconvenience and expense may be incurred by remaining defendants

who may hereafter seek to assert claims against the discontinued defendants, we do not believe that the potential inconvenience or expense involved rises to the level of unreasonable prejudice as is contemplated by the applicable language of Pa. R.C.P. 229(c). That remaining defendants would incur similar expense in proving any potential right of indemnification or contribution against those let out is clear. Additionally, defendants' concern that discovery of the discontinued defendants for purposes of liability-shifting claims would be impossible because those discontinued would no longer be "parties" within the meaning of Pa. R.C.P. 4005 et seq. may be remedied by a joinder under Pa. R.C.P. 2252 within sixty days of service of the plaintiffs' complaint on them.

We recognize the possibility that the applicable statute of limitations may be interposed as a defense by the discontinued defendants who may be subsequently joined as additional defendants. Nevertheless, we do not believe that even the successful interposition of this defense will severely prejudice a defendant who seeks to exonerate himself of potential liability by joining another. This is because while the statute of limitations may prevent a direct suit by a plaintiff against an additional defendant, the original defendant's joinder of the additional defendant will only be barred by the running of the period of limitations if the additional defendant is joined on the ground of sole liability to the plaintiff: Kitchen v. Grampian Borough, 421 Pa. 464, 219 A.2d 685 (1966), citing Carlin v. Penna. Power & Light Co., 363 Pa. 543, 73 A.2d 422 (1950); Zachrel v. Univ. Oil Prod. Co., 355 Pa. 324, 49 A.2d 704 (1946).

A defendant who therefore seeks to make an allegation of joint liability or liability over will not be deprived of his cause of action by the fact that the additional defendant was sued at a time when a direct action by plaintiff against such additional defendant might be barred by the applicable statute of limitations. Similarly, no defendant who seeks to totally exonerate himself by suing one of those discontinued under theories of indemnification or contribution will be prejudiced by the running of the statute of limitations. Clearly, in those situations, the right to sue in a subsequent separate action does not even accrue until the date judgment is entered against the defendant, or in some cases, until plaintiff's judgment has been satisfied: 8 Goodrich-Amram 2252(a): 9.

Therefore, while we recognize that there may potentially exist some degree of inconvenience and expense for the remaining defendants and the possibility that a discontinuance could eliminate an allegation of direct responsibility by an additional defendant to plaintiffs, these factors alone do not constitute sufficient reason to deny plaintiffs' motion. To our mind, the prejudice involved in keeping as parties those defendants against whom plaintiffs admittedly have no cause of action far outweighs either potentiality claimed by those defendants who argue to this end.

We therefore enter the following

## ORDER

And now, July 26, 1977, upon consideration of the motion for leave to discontinue as to certain defendants and memorandum in support thereof filed by plaintiffs, and the answers and

memoranda filed by defendants Delaware Asbestos & Rubber Co., Fibreboard Corp., Johns-Manville Corp., Johns-Manville Sales Corp., UNARCO, GAF Corp. and Certain-teed Corp., and further upon consideration of oral argument heard, it is hereby ordered and decreed that plaintiffs' motion is granted.