## Oxford Dress Manufacturing Co., Inc. v. Shamokin Shoe Corp.

*John Carpenter*, for plaintiff.
*Preston Davis*, for defendant.
*Gailey C. Keller*, for additional defendant.

KREHEL, *P.J.*, April 28, 1978—The instant action in trespass and assumpsit was instituted by plaintiff, Oxford Manufacturing Co., Inc., by complaint filed August 25, 1976, alleging that defendants Shamokin Shoe Corporation and Cynwyd Investments, were negligent, and, as a result of such negligence, certain items of personal property of plaintiff were damaged to their loss in the amount of $85,157.96. These causes of action arise out of a fire which occurred in Shamokin on September 21, 1970.

By the allegations and demands of the complaint,

both defendants together, or either of them separately, could be held liable for the total amount of damages claimed by plaintiff.

On October 15, 1976, defendant, Shamokin Shoe Corp., filed a complaint to join the other defendant, Cynwyd Investments, as an additional defendant. The purpose of defendant Shamokin Shoe Corporation's action was to emphasize its contention that defendant Cynwyd Investments was *solely* liable to plaintiff, Oxford Dress Company.

On November 26, 1976, Cynwyd Investments filed preliminary objections in the nature of a demurrer contending that the Statute of Limitations expired on September 21, 1976, before the complaint to join it as an additional defendant was filed.

The issue thus before the court is whether one original defendant can join another original defendant as an *additional* defendant within the period of permissive joinder, but after the expiration of the Statute of Limitations.

There is no doubt that the applicable Statute of Limitations (the Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31) would prevent *plaintiff* from adding a party defendant by a complaint filed after September 21, 1976. Similarly, the courts have held that "[w]here the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is *alone* liable. Joinder in such circumstances would be useless. . . " Zachrel v. Universal Oil Products Co., 355 Pa. 324, 330, 49 A. 2d 704 (1946). (Emphasis supplied.) See also Kitchen v. Grampian Borough, 421 Pa. 464, 219 A. 2d 685 (1966); Dickson v. Lewandowski, 228 Pa. Superior Ct. 57, 323 A. 2d

169 (1974); Harvan v. Colancecco, 65 D. & C. 2d 533 (C.P. Carbon Co. 1974); Holtby v. Mason, 41 D. & C. 2d 143 (C.P. Chester Co. 1966).

In all of the cases cited above the person attempting to be joined as an additional defendant was not already in the case as an original defendant.

In the case at bar, Cynwyd Investments is already exposed to potential *sole* liability to plaintiff by virtue of its having been named as an original defendant. By being joined as an additional defendant, Cynwyd is not being exposed to any *increased* liability. The shield of the Statute of Limitations would then serve no purpose.

We hold, therefore, that within the period of permissive joinder, one original defendant can join another original defendant (who is already exposed to potential *sole* liability to plaintiff) as an additional defendant on the basis that the latter is solely liable to plaintiff, despite the running of the Statute of Limitations on the original cause of action.

We, accordingly, enter the following

### ORDER

And now, April 28, 1978, the preliminary objections of additional defendant, Cynwyd Investments, to the complaint of defendant, Shamokin Shoe Corp., are hereby overruled.

Additional defendant shall have 20 days from receiving notice of this order within which to file any further responsive pleading to the complaint of defendant, Shamokin Shoe Corporation.