## Wnek *v.* Boyle, Appellant.

28

Argued April 27, 1953. Before STERN, C. J., STEARNE, JONES, BELL and CHIDSEY, JJ.

Appeals, Nos. 164 and 165,

*Edward H. Bryant, Jr.,* with him *Wendell E. Warner* and *Lutz, Fronefield, Warner & Bryant,* for appellant.

*Philip A. McMunigal, Jr.,* with him *Geary & Rankin,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 25, 1953:

This case is scarcely to be taken as a model of expeditious and purposeful litigation. The accident which gave rise to it occurred on October 30, 1947, and now, nearly six years later, the parties have not even begun to try the case on its merits but are still enmeshed in mere procedural controversy.

The accident itself, a collision between two automobiles, was apparently not a serious one. The owner and operator of the damaged car, Edward J. Wnek, claims damages of $31.00 for expenses and $525.00 for alleged depreciation in the value of his automobile. Each of his two passengers, Vivian Livingston and Matthew J. Wnek, claims $1500 for injuries sustained.

The plaintiffs, waiting until within two weeks of the expiration of the statute of limitations as to the personal injury claims, entered suit on October 14, 1949, against the operator of the other car, Charles J. Boyle.

This is what happened in the course of the proceedings during the remainder of the year 1949 : On November 2, service of the writ was accepted by defendant. On November 21, plaintiffs filed their complaint. On December 16, defendant filed a petition for severance. On December 30, the court dismissed the petition.

This is what happened in the year 1950 : On February 10, defendant filed a petition to set aside the order of December 30. On April 27, the court set aside that order and granted severance of Edward J. Wnek's action from that of the other plaintiffs. On May 5, defendant obtained a writ to join Edward J. Wnek as an additional defendant in the severed suit of Vivian Livingston and Matthew J. Wnek and filed a complaint against him. On June 19, the additional defendant answered, pleading in new matter the statute of limitations. On August 9, defendant replied to new matter. On October 27, the additional defendant filed a motion for judgment on the pleadings. On December 29, the court dismissed defendant's complaint.

This is what happened in the year 1951: On January 12, defendant petitioned to be allowed to file an amended complaint. On January 19, the court granted such permission and defendant filed the amended complaint. On February 7, the additional defendant filed an answer together with new matter again setting forth the statute of limitations. On April 9, the court dismissed the amended complaint. On May 2, a stipulation of counsel was filed agreeing to the filing of a second amended complaint and such complaint was thereupon filed. On May 22, the additional defendant filed an answer with new matter as before. On October 22, the court dismissed the second amended complaint. On November 13, the court entered orders in each of the two cases separately to the same effect. On November 14, appeals were taken by defendant to the Superior Court. Since then the case has been in the appellate courts, first in the Superior Court, which affirmed the judgment of the court below (*Wnek v. Boyle,* 172 Pa. Superior Ct. 222, 92 A. 2d 701) and then in this court on allowance of an appeal for the purpose of bringing to a final determination the procedural question involved.

The sole issue in all these protracted proceedings is whether a defendant in a tort action, who is barred because of the statute of limitations from joining an additional defendant on the ground of sole liability, may preserve his right of contribution by pleading joint or several liability without alleging facts admitting his own liability to the plaintiff. It was the opinion of the Superior Court that such a plea, without the averment of such facts, could not be sustained.

When defendant in the present case filed, on May 5, 1950, his complaint against Edward J. Wnek as additional defendant, he could not bring him on the record on the ground of his being *solely* liable, because, the statute of limitations having run, the plaintiffs, Vivian Livingston and Matthew J. Wnek, could not recover

against him. However, he would have the right to bring him on the record on a plea of joint or several liability, because, although the plaintiffs would not be able to enforce any judgment that might be recovered against him, the defendant might be able to establish against him a right of contribution: *Shaull v. A. S. Beck New York Shoe Co. Inc.*, 369 Pa. 112, 115, 116, 85 A. 2d 698, 701.

The collision between the two automobiles occurred at an intersection of two streets in Chester. In plaintiffs' complaint against defendant they asserted that it was due to defendant's negligence in that he operated his automobile at an excessive rate of speed, failed to have his car under proper and adequate control, and was guilty of other acts both of commission and omission. The amended complaint which defendant, in turn, filed against the additional defendant averred that plaintiffs, in their complaint, had charged that their injuries were caused solely by defendant's negligence; that he would serve a copy of their complaint upon the additional defendant; that he did not admit either in whole or in part the accuracy of their charges; that the additional defendant was negligent in the operation of his automobile in various stated respects,—practically the same as those which plaintiffs had charged against defendant; that it would be impossible to determine until the cases were tried whether the negligence of the additional defendant was either the sole cause or a major contributing cause of the collision; that therefore he asserted that the negligence of the additional defendant was either the sole cause or a major contributing cause of the accident; that he desired to protect his right of contribution in the event he be found to have been jointly or concurrently negligent with the additional defendant; that therefore he claimed that the additional defendant was jointly liable with him upon the causes of action declared upon by the plaintiffs.

This amended complaint should not, in our opinion, have been dismissed. It is clear that if defendant were obliged, in a case such as this, in addition to averring facts showing negligence on the part of the additional defendant, to make admissions of his own negligence in order to establish joint or several liability, it would be tantamount to a denial of his right to bring the additional defendant on the record at all, since any such admissions could be placed in evidence and taken advantage of by plaintiffs on the trial of the case: *Hess v. Vinton Colliery Co.*, 255 Pa. 78, 99 A. 218; *Srednick v. Sylak*, 343 Pa. 486, 23 A. 2d 333; *Cherry v. Mitosky*, 353 Pa. 401, 45 A. 2d 23. It is true that Pa. R. C. P. 2252(b) provides that "The defendant . . . shall file . . . a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded." But this, like all procedural rules, must be interpreted and applied so as to accomplish, from a practical standpoint, the beneficent results that it is the object of all such rules to achieve. As Mr. Justice LINN said in *Rau v. Manko*, 341 Pa. 17, 23, 17 A. 2d 422, 425, 426, "One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose." At the trial of the present case, if defendant's testimony should convince the jury that the additional defendant was negligent, they might, even if they concluded that defendant also was negligent, properly find that they were jointly or severally liable, in which case the question of the right of defendant to contribution from the additional defendant would have been settled in the one proceeding instead of compelling him, in case a verdict were found against him, to bring a subsequent

action against the additional defendant to recover contribution. Since defendant alleges in the amended complaint facts establishing the negligence of the additional defendant, what he is in substance pleading is that if he, the defendant, should be found by the jury to have been negligent as claimed by plaintiffs, the additional defendant's negligence, as set forth in detail in defendant's complaint, was also a contributing cause of the accident. We see no reason why such a pleading should not be permitted, especially in the case of a collision between two vehicles where it is always possible that both operators were negligent and thereby contributed to the happening of the accident.

The additional defendant relies apparently upon two cases, namely, *Zachrel v. Universal Oil Products Co.,* 355 Pa. 324, 49 A. 2d 704, and *Carlin v. Pennsylvania Power and Light Co.,* 363 Pa. 543, 70 A. 2d 349. In the *Zachrel* case, the averments in defendant's complaint against the additional defendant were such that joint or several liability was wholly impossible; the question emerging from plaintiff's and defendant's respective complaints was whether a certain person who committed the tort was the agent of the defendant or of the additional defendant, so that either party would be liable as that fact appeared, *but both could not be.* In the *Carlin* case, the defendant asserted that the injured person was an employe of the additional defendant and that he was a trespasser on the defendant's property where he was injured; therefore defendant was under no liability to him, and consequently, if there was any liability at all, it must be that of the additional defendant *alone.* In other words, in each of those two cases, while there was an allegation of joint and several liability, the very averments themselves of the defendant's complaint negatived and contradicted the plea. As stated in Goodrich-Amram, Civil Practice, §2252(a)-9: "it is the averments of fact in the complaint which are controlling and the

conclusion as to the nature of the liability of the additional defendant is to be ignored *when the facts are in conflict therewith.*" Such is not the present case.

The order of the Superior Court affirming the order of the court below dismissing the amended complaint against the additional defendant is reversed, and the record is remanded to the court below with a procedendo.