## Marshall et al. v. Hughes et al.

*Warren Y. Francis* and *Louis Sager*, for plaintiffs.

*Duffy, McTighe & McElhone* and *William B. Koch*, for defendant.

*Smillie, Bean & Scirica*, for additional defendant.

DANNEHOWER, J., December 15, 1954.—On May 5, 1953, plaintiffs began this action in trespass by complaint to recover for property damages and personal injuries sustained in a collision of automobiles on June 10, 1951.

On July 8, 1953, more than two years after the collision, original defendant, Arthur A. Hughes, by writ, brought Clarence Gabel, Jr., upon the record as an additional defendant, and alleged in the complaint that said defendant caused personal injuries and property damage and "is alone liable, or liable over, or liable severally or jointly with the original defendant".

Additional defendant has filed a preliminary objection in the form of a motion to strike off original defendant's complaint on the ground that "the facts averred in said complaint merely tend to establish the sole liability of the additional defendant to the plain-

tiff, which liability is barred by the statute of limitations".

Counsel for additional defendant has raised this affirmative defense (the statute of limitations) by preliminary objection in the nature of a motion to strike, presumably because of lack of conformity to law. But he should not, and cannot, properly so plead because Pennsylvania Rule of Civil Procedure 1030 provides that the defense of the statute of limitations shall be pleaded in a responsive pleading under the heading "New Matter".

In order to uphold uniformity of practice and clarity of pleading, this preliminary objection should be overruled and dismissed, for to rule otherwise would be to permit a party to circumvent rule 1030 and thus defeat the purpose for which it was promulgated. Notwithstanding that original defendant has alleged sole liability additional defendant can file a responsive pleading and also allege the statute of limitations as to personal injuries, under the heading "New Matter". Whereupon original defendant may reply thereto and clear-cut issues will be raised.

The attention of counsel for each party is directed to Wnek v. Boyle, 374 Pa. 27 (1953), a case involving facts and pleadings paralleling those of the case at bar. There, the statute of limitations was properly pleaded, not as a preliminary objection, but under the heading of "New Matter" in the answer. Furthermore, the reply of original defendant to such new matter should be in conformity with that decision on page 31, so as to preserve his right of contribution by pleading joint or several liability without alleging facts admitting his own liability.

And now, December 15, 1954, for the foregoing reasons, the preliminary objection is overruled and additional defendant shall have the right to plead over within 20 days of notice of this order.