**JAMES JULIAN, INC.**

v.

**CENTRAL DELAWARE COUNTY AUTHORITY**

v.

**RIDPATH AND POTTER COMPANY, INC. and Standard Accident Insurance Company, Third-Party Defendants.**

Civ. A. No. 31133.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1962.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

W. Charles Hogg, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Central Delaware County Authority.

Samuel H. High, Jr., High, Swartz, Roberts & Seidel, Norristown, Pa., for Ridpath, and Potter Company, Inc. and Standard Accident Insurance Company.

GRIM, Senior Judge.

This is an action by a construction contractor for damages it claims to have sustained in building a sewer for defendant under a contract awarded to plaintiff under competitive bidding. Plaintiff claims to have suffered damages on the ground that defendant misrepresented the condition of the subsurface where the work was to be done and that hence plaintiff's actual costs for doing the work were much higher than defendant led it to believe. Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

The contract is a thorough one, carefully drawn to accomplish certain ends,

one of them being to prevent the contractor from collecting more than the amount of its bid, which is the price of the work called for by the contract. Defendant's motion to dismiss is based largely upon the contention that the contract provisions in reference to plaintiff's duty to examine carefully the subsurface condition and not to rely upon defendant's statements relative thereto cover the facts of this case so completely that plaintiff simply cannot recover.

 A motion to dismiss, of course, will not be granted in a case where there is a genuine issue as to any material fact. The present case turns on defendant's representations as to the subsurface conditions where the sewer extension was to be built and in reliance on which plaintiff's bid was made. As to this, plaintiff's complaint says: "Said representations were false and untrue, as defendant knew or should have known." This averment suggests the existence of fraud, actual or constructive, on the part of the defendant in inducing plaintiff to enter into the contract at the price stated in it. If this be so, the contract may be vitiated by the actual or constructive fraud (See Pennsylvania Turnpike Com. v. Smith, 350 Pa. 355, 39 A.2d 139 (1944)), and despite the protective provisions in the contract defendant should be given an opportunity to present what evidence it may have on this issue, which is largely one of fact. In view of this, defendant's motion to dismiss must be denied.

This memorandum is not to be construed as defining actual or constructive fraud or as limiting the issues in this case. All such matters are left open for later determination in the case.