Dickson et al. *v.* Lewandowski (et al., Appellant).

Argued April 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

58

*J. Baroffini,* with him *Thomas F. Weis,* for appellant.

*M. L. Shields,* with him *Theodore T. Blair* and *C. Donald Gates,* for appellees.

OPINION BY JACOBS, J., June 21, 1974:

This is an appeal by an additional defendant from the lower court's judgment in a negligence action for personal injuries. It is the appellant's contention that the judgment of the court should have been against the original defendant, with judgment over against the appellant in favor of the original defendant for an amount paid by the original defendant in excess of his pro rata share of the verdict. The appellees, plaintiffs below, contend that the judgment of the court against both defendants in favor of the appellees should be affirmed.

On June 14, 1973, the record in this case was remanded by us for clarification and completion. *Dickson v. Lewandowski,* 224 Pa. Superior Ct. 285, 307 A.2d 392 (1973). In response to the remand, the lower court had a meeting with counsel and took the testimony of two of the attorneys. The court then forwarded to us a transcript of the meeting, a copy of the complaint

joining appellant as an additional defendant,[1] and a copy of a letter forwarding such complaint to the attorney for the additional defendant.

Although the record below has never been completed, we are able to piece together the facts and procedure from the information submitted by the lower court sufficiently to make a decision.

On June 22, 1968, plaintiffs suffered personal injuries while riding in a car driven by the appellant which collided with one driven by the original defendant. Plaintiffs filed a complaint in trespass on June 8, 1970, against the original defendant who was duly served. Sometime after the 2-year statute of limitations[2] had run, defendant mailed a complaint against the additional defendant (the appellant) to his counsel. That complaint alleged facts attributing negligence to the additional defendant and claimed that additional defendant was solely liable to plaintiffs, or jointly liable with the defendant, or liable over to the defendant. Such complaint was apparently mailed on or about September 5, 1970.[3] On September 18, 1970, the additional defendant answered the complaint against himself and asserted as new matter that any claims of the plaintiffs against him were barred by the applicable 2-year statute of limitations. The answer was endorsed with a notice to plead and service of same was accepted by counsel for the defendant. No reply was filed.

In April of 1972, the jury in the case found that the legal responsibility for the collision was that of both the original defendant and the appellant, and determined damages. Following denial of appellant's motions for judgment notwithstanding the verdict and for a new trial, judgment was entered on the verdict against both defendants. The motions questioned only the suffi-

---

[1] This complaint was not available to us prior to this time.

[2] Act of June 24, 1895, P.L. 236, §2, 12 P.S. §34.

[3] The parties treat the complaint as if it were filed and served.

ciency and weight of the evidence of negligence against the additional defendant and were properly refused by the court below.

The appellant's position, taken in his brief, that the statute of limitations bars recovery by the plaintiffs against him is correct. We need only quote the following from Chief Justice HORACE STERN's opinion in *Wnek v. Boyle*, 374 Pa. 27, 30, 96 A.2d 857, 858 (1953), to demonstrate the correctness of that position: "When defendant in the present case filed, on May 5, 1950, his complaint against Edward J. Wnek as additional defendant, he could not bring him on the record on the ground of his being *solely* liable, because, the statute of limitations having run, the plaintiffs, Vivian Livingston and Matthew J. Wnek, could not recover against him. However, he would have the right to bring him on the record on a plea of joint or several liability, because, although the plaintiffs would not be able to enforce any judgment that might be recovered against him, the defendant might be able to establish against him a right of contribution: Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 115, 116, 85 A.2d 698, 701."

It was, therefore, proper for the appellant to be retained on the record because joint liability and liability over were also alleged and defendant desired to establish his right to contribution which is distinct from plaintiffs' cause of action. *See Shaull v. A. S. Beck N. Y. Shoe Co.*, 369 Pa. 112, 115-16, 85 A.2d 698, 701 (1952), and Goodrich Amram Procedural Rules Service, §2252(a)(9). The right of contribution not the amount, if any, was established when the jury brought in a verdict finding joint liability and determining damages. At this point the lower court might have molded the verdict to show that the plaintiffs could recover only from the defendant, but the record shows no request to do so nor was the court bound to mold

the verdict on its own motion. Entry of judgment against both defendants on the verdict was proper, but that judgment may not be enforced by the plaintiffs against the additional defendant.

It was not necessary for us to discuss the right of the plaintiffs to enforce their judgment against the additional defendant because that question was not properly raised before the lower court. That question will become important if and when plaintiffs try to collect their judgment from additional defendant. However, on this appeal, appellees' (plaintiffs') argument indicates that they believe they can collect this judgment from appellant. Unless there are facts unknown to us, that position is incorrect. Since the question has been raised by both the additional defendant and plaintiffs in this appeal, we have written this opinion in the hope it will assist the court below and the parties in resolving problems of enforcement and contribution and obviate a later appeal.

Judgment affirmed.