Norman HORNSBY

v.

JOHNS–MANVILLE CORP., Johns-Manville Sales Corp., Raybestos Manhattan, Inc., Owens-Corning Fiberglas Corp., Celotex Corp., Unarco Industries, Inc., Eagle Picher Industries, Inc., Owens-Illinois Glass Company, Southern Asbestos Company

v.

AMATEX CORP., Armstrong-Cork Corp., Fibreboard Corp., 48 Insulation, Inc., GAF Corp., Garlock, Inc., Nicolet Industries, Pacor, Inc., Pittsburgh-Corning Corp., Keene Corp.

Civ. A. No. 80–3280.

United States District Court, E.D. Pennsylvania.

Nov. 1, 1982.

Marc P. Weingarten, Martin Greitzer, Greitzer & Locks, Philadelphia, Pa., for plaintiff.

Thomas O. Malcolm, Andrew J. Trevelise, Malcolm & Riley, West Chester, Pa., for Celotex Corp.

Sue Ellen Smith, Barbara Pennell, Philadelphia, Pa., for Eagle-Picher Industries, Inc.

Dudley Hughes, Detweiler, Hughes & Kokonos, Philadelphia, Pa., for Unarco Industries, Inc.

James A. Young, John J. Leonard, Philadelphia, Pa., for Owens-Illinois Glass Co.

John Patrick Kelley, Philadelphia, Pa., for Owens-Corning Fiberglas Corp.

Robert St. Leger Goggin, Daniel J. Ryan, Jr., Philadelphia, Pa., for Johns-Manville Corp. and Johns-Manville Sales Corp.

Edward Greer, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for GAF Corp.

G. Daniel Bruch, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for Pacor, Inc.

Peter P. Liebert, 3rd., Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for Fibreboard Corp.

Perry S. Bechtle, Leslie A. Miller, Philadelphia, Pa., for Keene Corp.

Fredric L. Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for Garlock, Inc.

Joseph H. Foster, Peter Samson, White & Williams, Philadelphia, Pa., for Southern Textile Corp. (incorrectly named Southern Asbestos Co.) and Forty-Eight Insulations, Inc.

Edward J. David, Philadelphia, Pa., for Pittsburgh Corning Corp.

John F. Kent, Deasey, Scanlan & Bender, Philadelphia, Pa., for Armstrong World Industries, Inc.

Oliver C. Biddle, Arthur Makadon, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Raybestos-Manhattan, Inc.

Walter D. Meeley, Bennett, Bricklin & Saltzburg, Philadelphia, Pa., for Nicolet, Inc.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the court is the Report and Recommendation of United States Magistrate William F. Hall, Jr. and third-party defendant Keene Corporation's Objections To Magistrate's Report and Recommendation.

In this personal injury action plaintiff alleges that he suffered injury due to his exposure to asbestos or asbestos-containing products manufactured or supplied by the nine defendants named herein. On September 19, 1980, one defendant, Raybestos Manhattan, Inc., filed a third-party complaint alleging that plaintiff's injuries were caused by products manufactured or supplied by the ten named third-party defendants. This matter was referred to the magistrate for a report and recommendation as to the resolution of the following motions: (1) Celotex Corporation, Eagle Picher Industries, Inc., and Owens-Corning Fiberglas Corporation motions for leave to file third-party complaints; (2) Fibreboard Corporation, GAF Corporation, and Keene Corporation motions to dismiss cross-claims. The magistrate has recommended granting the motions for leave to file a third-party complaint, and granting the motions to dismiss cross-claims. We affirm and adopt the magistrate's Report and Recommendation with the following elucidation.

Essentially, all motions addressed herein arose amid some confusion among the defendants as to whether defendant Raybestos Manhattan, Inc.'s joinder of the third-party defendants through its third-party complaint also effected the full joinder of the third-party defendants with respect to all nine defendants. As a result of this confusion, several of the defendants are attempting to file their own third-party complaints, while several other defendants are attempting to effect the same result through cross-claims.

The objections filed by third-party defendant Keene Corporation relate only to the magistrate's proposed resolution of the motions for leave to file third-party complaints. Motions for leave to file third-party complaints are governed by Fed.R.Civ.P. 14(a) and the Eastern District of Pennsylvania's Local Rule 22(a). Fed.R.Civ.P. 14(a) provides, in relevant part, as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The Third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.

Local Rule 22(a) provides as follows:

> Application pursuant to F.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than (90) days after the service of the moving party's answer. If it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice.

The magistrate has recommended granting defendants' motions for leave to file a third-party complaint, even though these motions were filed nearly eighteen months after defendants' answers were filed, for the following reasons: (1) defendants' tardiness was excusable; (2) lack of prejudice to third-party defendants; and (3) the underlying action will not be unduly delayed or complicated.

Third-party defendant Keene Corporation objects to these findings essentially for the following reasons: (1) prejudice will result if defendants are permitted to file third-

party complaints because the magistrate "has ignored the applicable Statute of Limitations which regulate actions for personal injury"; (2) defendants' failure to file their motions within the time period prescribed by Local Rule 22(a) is not excusable.

■ First, with respect to the running of the applicable statute of limitations, third-party defendant Keene Corporation is correct in its statement that the issue was not addressed by the magistrate. However, this is apparently because the issue was not raised by any of the parties until Keene Corporation filed its objections to the Report and Recommendation. Consequently, the issue has not been briefed by the parties. Nevertheless, it appears well settled that the applicable statute of limitations will not bar the joinder of the third-party defendants for contribution or indemnity. This Court held in *Campbell v. Meadow Gold Products Co.,* 52 F.R.D. 165 (E.D.Pa. 1971) as follows:

> Campbell's first argument for dismissing the counterclaim of defendant Street and the joinder of Meadow Gold is that, in both instances, the two-year statute of limitations had run prior to the counterclaim, thereby barring joinder. This contention is without merit. Although the statute of limitations bars a direct suit against the additional defendant, and prohibits his joinder in an action for the tort on an allegation that he is alone liable, the cases hold that he may be joined after the applicable statute of limitations where the complaint indicates that the additional defendant is liable over to the original defendant or jointly liable. *Wnek v. Boyle,* 374 Pa. 27, 96 A.2d 857 (1953); *Carlin v. Pennsylvania Power & Light Co.,* 363 Pa. 543, 70 A.2d 349 (1950). Furthermore, in an action for contribution or indemnity, the statute of limitations does not even begin to run until the cause of action accrues. *Moffat v. Metropolitan Cas. Ins. Co.,* 238 F.Supp. 165 (M.D.Pa.1964). For these reasons, Meadow Gold and Street are not barred

from joining Campbell as a third-party defendant for contribution or indemnity. *Id.* at 167. *See also Choate v. United States,* 233 F.Supp. 463 (W.D.Okla.1964); *Schott v. Colonial Baking Co.,* 111 F.Supp. 13 (W.D.Ark.1953); *Litts v. Refrigerated Transport Co.,* 375 F.Supp. 675, 677 n. 3; 3 Moore's Federal Practice ¶ 14.09.

■ Second, as to the excusability of the substantial delay of defendants in filing the motions for leave to file a third-party complaint, it is well settled that the time limits for filing a motion for leave to file a third-party complaint are not cast in stone. They have been treated by this Court as guidelines, allowing substantial room for the exercise of discretion, even with respect to the type of delay existing in this case. *See, e.g., Goodman v. Neff,* 251 F.Supp. 562, 564 (1966). Although the delay exercised by the moving defendants herein strains excusability to the maximum, we believe the magistrate has chosen the most prudent resolution to this issue. Most courts have placed greater weight on the question of prejudice in determining whether to permit the tardy filing of a third-party complaint. In this case, although defendants' excuse for the substantial delay is weak at best, because the third-party defendants have been parties to this suit since September 19, 1980, and since they have been aware of the potential liability they may incur from that time, and in light of the movant's allegations that no further discovery will be required as a result of the joinder, it appears that no prejudice will result by allowing third-party complaints to be filed against those same third-party defendants joined in September, 1980 by Raybestos Manhattan, Inc.[1]

With respect to the motions to dismiss cross-claims filed by Fibreboard Corporation, GAF Corporation, and Keene Corporation, we affirm the magistrate's recommendation that these motions be granted. *See Schwab v. Erie Lackawanna Railroad Co.,* 438 F.2d 62, 65–66 (3d Cir.1971).

---

1. Each of the motions for leave to file a third-party complaint contains an allegation that the movant "seeks to file a third-party complaint against the same third-party defendants joined by Raybestos Manhattan, Inc." Nevertheless, each motion and proposed order submitted by the movants seeks leave to file third-party complaints against several entities not officially

Finally, the magistrate's Report and Recommendation does not address the June 2, 1982 Motion of Owens-Illinois Glass Company For Leave To Join Third-Party Defendants. This omission is probably due to the fact that this motion was filed after the three prior identical motions were referred to the magistrate by this Court on May 5, 1982. For the reasons stated above, this motion will also be granted and Owens-Illinois Glass Company will be permitted to file third-party complaints against the ten named third-party defendants previously joined by Raybestos Manhattan, Inc.[2]

named as third-party defendants in this action, with no explanation as to the identity or relationship of the additional entities. We grant movants leave to file third-party complaints only against the ten named third-party defend-

ants joined by Raybestos Manhattan, Inc. on September 19, 1980.

2. *See* note 1 and accompanying text *supra.*