Lucy DiLORENZO, Ind. & as
Administratrix of the Estate
of Anthony Campanella,

v.

SAINT AGNES MEDICAL CENTER.

Civ. A. No. 83–4857.

United States District Court,
E.D. Pennsylvania.

Oct. 5, 1984.

Michael A. Valenza, Philadelphia, Pa., for plaintiff.

J. Paul Erwin, Jr., Philadelphia, Pa., for defendant St. Agnes Medical Center.

William C. Foster, Philadelphia, Pa., for third-party defendants S. Vaisman, M.D. and Anthony Morgan, M.D.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Third party defendants Doctors Vaisman and Morgan, M.D., have brought before the Court their motion to dismiss defendant, Saint Agnes Medical Center's (St. Agnes) Complaint against them. The procedural history of this case is uncomplicated.

Plaintiff, administratrix for the estate of the decedent, has brought suit against defendant St. Agnes under Pennsylvania's wrongful death and survival law [1] alleging, *inter alia*, defendant's negligence in failing to maintain a sufficient coronary care

---

1. Since there is diversity of citizenship between the parties, the District Court has original juris-   diction in this matter under 28 U.S.C. § 1332.

facility and in failing to properly diagnose and treat the decedent.

The suit was initiated on October 5, 1983. Defendant filed answers and on November 21st, the Court established a May 1, 1984 discovery deadline. On May 21, 1984, Saint Agnes received answers to outstanding interrogatories in which the plaintiff asserted, for the first time, that Drs. Vaisman and Morgan acted negligently as servants of the hospital. At the time in question, both doctors were residents on rotation from Hahneman Hospital. Their employment with Saint Agnes was by contract. Shortly after this discovery, a new order was entered extending the time of discovery until August 6, 1984. On June 11, Saint Agnes petitioned the Court for leave to file motion to join the two doctors as third party defendants pursuant to Fed.R. Civ.P. 14(a) and Local Rule 22(a). The motion was granted and third party defendants were joined to this action.

Doctors Vaisman and Morgan have advanced two reasons why the third party complaint should be dismissed.

First, because the discovery deadline of August 6 has past, defendants would be substantially prejudiced since they have not taken part in discovery. Secondly, joinder at this stage will have a negative impact by delaying and complicating the trial. After a careful examination of these two issues third party defendants' motion to dismiss will be denied. An examination of the reasons follows.

■ Local Rule of Civil Procedure 22 governs the time within which a motion to join third party defendants must be made. The rule provides that ordinarily the motion will be denied if filed not more than ninety (90) days after service of the moving party's answer. Saint Agnes' motion was filed outside the 90 day deadline. Third party defendants now seek to vacate the Court's earlier order granting defendant's motion to join.

That the Court possessed the power to grant the motion is acknowledged by third party defendants. The guiding principles upon which our decision is based are (1) was the defendants' tardiness excusable; (2) will it prejudice the third party defendants. *Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367, 368 (E.D.Pa.1982).

Plaintiff's intention to use the alleged negligence of these two doctors only came to the attention of Saint Agnes this past May. Defendant acted within a reasonable time thereafter in petitioning the Court for leave to join third party defendants. The delay was not the result of any tardiness on the part of Saint Agnes.

Nor does the Court believe that these two doctors will be disadvantaged by their inclusion in this litigation. Their fear that they will be unable to adequately participate in the trial due to the passing of the discovery deadline is unfounded. Third party defendants have options available, the least of which is the right to petition the Court for an extension of the discovery deadline. Since plaintiff and defendant are still in the process of deposing their witnesses, these proceedings have not yet reached a stage where the new defendants are prejudiced by lack of time or preparation.

■ Third party defendants advance an additional reason for dismissing the complaint. Their contract with Saint Agnes contained a hold harmless indemnification clause which relieves them from liability due to claims arising from their services. They believe that this agreement precludes Saint Agnes from any right to contribution and indemnity. Saint Agnes disputes the doctors' interpretation of this clause and has raised material issues as to the scope and validity of the indemnification provision. One interpretation of the clause is that Doctors Vaisman and Morgan will not be indemnified from damages resulting solely from their negligence.

Since Saint Agnes has raised issues of fact, any action rendered by the court solely on the basis of the scope of the indemnification clause would be premature at this time. *James Julian Inc. v. Central Delaware County Authority*, 31 F.R.D. 304 (E.D.Pa.1962).

For these reasons, third party defendants' motion to dismiss defendant's complaint will be denied.