526 A.2d 328

Edith SYMBULA, Administratrix of the Estate of Joseph J. Symbula, Deceased, and Edith Symbula, in her own right, Appellee,

v.

JOHNS–MANVILLE CORPORATION and Johns-Manville Sales Corp., Raybestos-Manhattan, Inc., Owens-Corning Fiberglas Corp., Forty-Eight Insulations, Inc., Nipolet Industries, Inc., Pittsburgh Corning Corp., GAF Corp., Celotex Corp., Armstrong Cork Company, Inc., Unarco Industries, Inc., H.K. Porter Co., Inc., Southern Asbestos Co., Eagle-Picher Industries, Inc., Amatex Corp., Delaware Asbestos & Rubber Co., Pacor, Inc., Fiberboard Corp., Keene Corp., Garlock, Inc., J.P. Stevens, Inc., and Turner-Newall, Ltd., Appellants.

Supreme Court of Pennsylvania.

Argued March 12, 1987.

Decided May 27, 1987.

528

Joseph W. McGuire, John Patrick Kelley, Krusen, Evans & Byrne, Philadelphia, for appellants.

Martin Greitzer, Jonathan W. Miller, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The appellee, Edith Symbula, filed wrongful death and survival actions in the Court of Common Pleas of Philadel-

phia on January 24, 1979, alleging that her husband died on September 27, 1976 as a result of exposure to asbestos products manufactured, sold, and supplied by the appellant asbestos companies. Inasmuch as more than two years elapsed from the date of death until the filing of these actions, the actions were held by the Court of Common Pleas to be barred by the statutes of limitations in effect at the time of the death in question, to wit, the one-year statute of limitations governing wrongful death actions, 12 P.S. § 1603, and the two-year statute of limitations governing survival actions, 12 P.S. § 34. The Court of Common Pleas further held that the "discovery rule" was not applicable, and, thus, that the statutes of limitations were not tolled during the period when appellee allegedly lacked knowledge as to the cause of her husband's death.

■ The Superior Court, 343 Pa.Super.541, 495 A.2d 598 (1985), affirmed in part and reversed in part, holding that the discovery rule applies to wrongful death and survival actions commenced after June 27, 1978, to wit, the effective date of the Judicial Code statute of limitations, 42 Pa.C.S.A. § 5524(2) (establishing a two-year filing period for both wrongful death and survival actions), provided such actions were not already time-barred prior to that date. The effect of that holding was that, because the instant wrongful death action had become barred under the one-year statute of limitations in effect prior to June 27, 1978, the discovery rule was not effective to preserve that cause of action. With regard to the survival action, however, which had not prior to June 27, 1978 become barred by the two-year statute of limitations in effect before that date, the discovery rule was held applicable. Accordingly, the Superior Court affirmed dismissal of the wrongful death action, but reinstated the complaint in the survival action. For the reasons set forth in our opinion filed this day in *Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 526 A.2d 323 (1987), wherein we held that the discovery rule cannot be utilized to extend the time for filing wrongful death and survival actions beyond the statutory period, and that such actions

cannot, under 42 Pa.C.S.A. § 5524(2), be filed more than two years after death, the Superior Court's order reinstating the survival action must be reversed.

We note that appellee has filed a motion to quash the instant appeal, asserting that, in effect, the Superior Court's order reinstating the survival action was interlocutory, and, thus, non-appealable. Appellee reasons that Superior Court's action was the functional equivalent of a trial court having denied a defense motion for judgment on the pleadings, and, since the denial of a motion for judgment on the pleadings is normally regarded as an interlocutory order that is not appealable, see *Estate of Shelly*, 463 Pa. 430, 437–438, 345 A.2d 596, 599 (1975), it is argued that Superior Court's order is also non-appealable. We do not agree, for such an approach would subvert orderly and effective review of an issue which has already properly attained its first level of appellate review. The Superior Court's order cannot be equated with an order from a trial court, and appellee will not be heard to assert that a matter was not interlocutory for purposes of her own appeal to Superior Court while claiming that, once a favorable ruling was obtained on appeal, the matter suddenly became interlocutory so as to prevent her adversary from seeking further appellate review. The instant matter was not interlocutory when appeal was originally taken, for appellee's survival action had been the subject of a final order of dismissal by the trial court. It will not be deemed to have become interlocutory by reason of the Superior Court's ruling, for to hold otherwise would be to deny effective and timely review.

Motion to quash denied; Order of the Superior Court affirmed in part, and reversed in part.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent, and for the reasons set forth in my dissenting opinion filed this day in *Pastierik v. Duquesne Light Co.*,

514 Pa. 517, 526 A.2d 323 (1987), and on the basis of the Superior Court opinion herein, I would affirm the Superior Court Order affirming in part and vacating in part the order of summary judgment entered in favor of appellants.

On remand, I would permit appellee, Edith Symbula, Administratrix, the right to amend her complaint to allege facts supporting her claim of delayed accrual, including the time and manner of discovery of the cause of her husband's death and the circumstances excusing delayed discovery.

PAPADAKOS, J., joins in this dissenting opinion.