553 A.2d 488

Jane F. Richards, Appellant *v.* Gail E. J. Alston and Jimmie Alston and City of Philadelphia and Fairmount Park Commission, and Consolidated Railway Corporation and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Argued December 13, 1988, before Judges CRAIG, BARRY and SMITH, sitting as a panel of three.

*Lee Albert,* with him, *Lawrence G. Metzger, Gross, Sklar & Metzger, P.C.,* for appellant.

*James Matthew Wolfe,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE BARRY, January 25, 1989:

Jane F. Richards (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which struck a complaint to join the Department of Transportation (DOT) as an additional defendant. The complaint had been filed by the City of Philadelphia (City) and the Fairmount Park Commission (Commission).

On October 1, 1984, appellant sustained personal injuries when her motor vehicle was struck head-on by a motor vehicle which had crossed the center line of that portion of East River Drive located in the Fairmount Park section of the City under the Columbia Railway Bridge. The motor vehicle which collided with the appellant's vehicle was owned by one Jimmie Alston and operated by Gail E. J. Alston.

On September 24, 1986, appellant commenced an action against the City, the Commission, Consolidated Rail Corporation (Conrail) and the Alstons. She alleged that the City and the Commission, as well as Conrail, were negligent in the following respects:

a) failing to keep and maintain [East River Drive] and [the] railway bridge in a safe condition for public travel thereon and thereunder;

b) failing to warn the public of ... dangerous conditions;

c) having knowledge that ... dangerous conditions existed for an unreasonable time prior to October 1, 1984;

d) failure of defendants to correct the dangerous conditions that it, by its agents, servants or employees had created;

e) failing to straighten the curve in [East River Drive];

f) failing to properly pave [East River Drive];

g) failing to erect proper warning lights;

h) failure to erect a medial barrier at [the accident] location;

i) failure to properly light the roadway under [the railway bridge];

j) being otherwise negligent and failure to use due care under the circumstances;

k) violation of the statutes of the Commonwealth of Pennsylvania;

l) failing to properly constuct [sic] and maintain the highway and railway bridge; and

m) failing to warn the public of dangerous conditions which existed at the ... accident location.

The appellant's complaint was served upon the City on October 2, 1986 and on the Commission on October 14, 1986.

On February 9, 1987, the City and the Commission filed a joint third party complaint against DOT. It was alleged therein that East River Drive was a state highway for which DOT had the responsibility of caring, maintaining and supervising and that, if the City was held liable to the appellant for all or part of the injuries and damages she may have suffered, DOT was liable to the City "by

way of contribution and/or indemnity." After having filed a reply to a third party claim which the City had asserted against it pursuant to Pa. R.C.P. No. 2252(d) in response to a crossclaim asserted against the City by the Alstons pursuant to the same rule[1], DOT filed a preliminary objection to the third party complaint filed against it by the City and the Commission. DOT asserted that the third party complaint should be stricken because it had not been filed within the sixty day period within which a third party complaint may be filed as a matter of right under Pa. R.C.P. No. 2253 and because leave of court had not been obtained to file it beyond that period of time.[2] Both the City and the appellant filed responses to this preliminary objection.

After consideration of the matter, the trial court entered an order striking the third party complaint. This appeal followed.[3]

Appellant here argues that the trial court erred in striking the third party complaint against DOT filed by the City and the Commission. She contends, as she had contended in paragraph 4 of her response to DOT's preliminary objections to that complaint, that DOT waived its right to file a preliminary objection challenging the late joinder when it filed a reply to the third party

---

[1] DOT's response to each of the numbered allegations made in the third party claim was the same: "Denied as a legal conclusion to which no responsive pleading is required."

[2] Pa. R.C.P. No. 2253 provides:

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown*. (emphasis added).

[3] Neither the City nor the Commission appealed the trial judge's order.

claim which the City asserted against it under Pa. R.C.P. No. 2252(d) in responding to the crossclaim made against the City by the Alstons. She also argues that the City had established cause for its failure to file its third party complaint within the sixty day period for filing such a complaint as a matter of right and that DOT is not prejudiced by the late joinder. DOT, however, argues that appellant is not the proper party to bring this appeal.

To be able to appeal a trial court's order, under Pa. R.A.P. No. 501, one must have been a party to the proceedings before the trial court and must be "aggrieved" by its order. Here, appellant, having been the plaintiff in the action below, clearly has party status. The critical question is whether she is aggrieved by the trial court's order.[4]

Under Pa. R.C.P. No. 2255(d), a plaintiff, even though he or she may have asserted no claim against an additional defendant in a pleading against it, may recover directly from an additional defendant as from an original defendant when the facts established at trial show that the additional defendant is liable to him or her either solely or jointly or severally with the original defendant. *Sheriff v. Eisele,* 381 Pa. 33, 112 A.2d 165 (1955). However, in the present matter, the two year statute of limitations established by Section 5524 of the Judicial Code, 42 Pa. C. S. §5524, for actions to recover damages for personal injuries sustained as the result of negligence had run against any cause of action the appellant may have had against DOT at the time the City and the Commission filed their joint complaint against DOT. As a result, appellant could not have recovered damages directly from DOT. *Wnek v. Boyle,* 374 Pa. 27, 96 A.2d

---

[4] To be "aggrieved" by a trial court's order, of course, one must have a substantial interest that is adversely affected by that order in a direct and immediate manner. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

857 (1953); *Dickson v. Lewandowski,* 228 Pa. Superior Ct. 57, 323 A.2d 169 (1974).

The disallowance of the joinder of DOT as an additional defendant will not affect the amount of damages that appellant can collect against the City if it is found liable to her. If this Court were to reverse the trial court's order striking the City's third party complaint against DOT and it would be established at trial that the City and DOT are jointly liable to the appellant, the trial court, upon motion to do so, could mold the verdict so that appellant would be left with a verdict only against the City for all of her proven damages, subject, of course, to the limitations established by Section 8553 of the Judicial Code, 42 Pa. C. S. §8553. *Dickson,* 228 Pa. Superior Ct. at 60, 323 A.2d at 171. In turn, a verdict over against DOT would be entered in favor of the City for the amount that it must pay appellant in excess of its pro rata share of the verdict. If the verdict is not so molded, appellant still could not enforce any judgment she might obtain against DOT. *Id.* If, on the other hand, the trial court's order is affirmed, appellant would still be entitled to a verdict against the City for all of her proven damages, subject to the limitations established by Section 8553 of the Judicial Code, if she is able to prove that the City breached a duty to her and that breach was a proximate cause of her injuries. The City, however, would have to commence a separate action for contribution from DOT to recover the amount that it must pay appellant in excess of its pro rata share of the verdict in the original action against it.

Under the above circumstances, we must conclude that the appellant is not aggrieved by the dismissal of DOT from the action. Accordingly, it is ordered that this appeal be quashed.[5]

---

[5] Even if we were to conclude that appellant is aggrieved by the trial court's order striking the late joinder of DOT, we would conclude that the trial court did not abuse its discretion in entering that

## ORDER

NOW, January 25, 1989, the appeal from the order of the Court of Common Pleas of Philadelphia County, entered September 14, 1987, at Docket No. 4558, September Term, 1986, is hereby quashed.

---

order. Because the City and the Commission filed their third party complaint after the sixty day period allowed for filing it as a matter of right had expired *without having petitioned the lower court for an extension of time to file their third party complaint,* their joinder of DOT·was procedurally defective and cannot stand. *United National Insurance Co. v. M. London, Inc.,* 337 Pa. Superior Ct. 526, 487 A.2d 385 (1985); cf. *Zakian v. Liljestrand,* 438 Pa. 249, 256, n.3 264 A.2d 638, 641 n.3 (1970) (Where original defendant filed writ to join additional defendant late without having petitioned for, and received, leave of court to do so and additional defendant filed preliminary objections challenging the late joinder, trial court was able to rule on merits of whether there was cause for late joinder when original defendant's counsel, with the consent of additional defendant's counsel, filed petition to join additional defendant nunc pro tunc prior to argument on preliminary objections.) DOT's filing of a reply to the City's third party claim against it on the Alstons' cross-claim against the City did not result in its waiver of its objection to the late joinder. *O'Barto v. Glossers Stores, Inc.,* 228 Pa. Superior Ct. 201, 324 A.2d 474 (1974) is not controlling because it involves a failure to object to *personal jurisdiction* over the additional defendant.