## Hileman v. Morelli

*Robert A. Kosseff,* for plaintiffs.
*Frank J. Hartye,* for defendant Nason Hospital.
*James F. O'Malley,* for defendant Ruth Morelli.

CARPENTER, *J.,* January 30, 1991 — Before the court are preliminary objections in this medical malpractice action filed by both defendants relevant to plaintiffs' amended complaint. The amended complaint was filed pursuant to this court's prior order of May 11, 1990 which granted the prior motions of both defendants for more specific plead-

ing. Defendant Morelli now objects, both on the basis that the amended complaint unilaterally discontinues the cause against Nason Hospital without leave of court as required by Pa.R.C.P. 229(b), and also on the basis that certain of plaintiffs' allegations fail to meet the level of specificity required by Pa.R.C.P. 1019(a). Defendant Nason Hospital has filed objections on the basis that, since plaintiffs have omitted from the amended complaint all of the allegations against the hospital appearing previously in the original complaint, a demurrer should be granted.

We agree with defendant Morelli to the extent that plaintiffs may not unilaterally discontinue their action against Nason Hospital merely by deleting its name from the caption on their amended complaint and by omitting all allegations of negligence against it previously appearing in the original complaint. Rule 229 provides that a discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of trial. *Martinelli v. Mulloy,* 223 Pa. Super. 130, 299 A.2d 19 (1972); Pa.R.C.P. 229(a). A discontinuance as to less than all defendants may not be entered without leave of court after notice to all parties. Pa.R.C.P. 229(b).

In order to comply with this rule, however, plaintiffs presented an oral motion to discontinue their action against the hospital during the argument on these objections. While this eleventh-hour motion was not formally raised in plaintiffs' brief and lacks the formality generally required, we believe it should nevertheless be considered at this time. In this regard, defendant Morelli may not claim prejudice by any lack of notice under Rule 229(b), since she herself raised and discussed the issue in her brief. Additionally, defendant Morelli may not chal-

lenge the lack of formality, since Rule 229(b) makes no requirement for the filing of a formal petition. (Cf. Rule 229(c), *"upon petition* and after notice.") We therefore consider plaintiffs' motion to be properly before us.

Generally, discontinuance as to one of several defendants may be permitted where plaintiff discovers that he has no case against him and the other defendants can show no prejudice. *Martinelli v. Mulloy, supra.* In the case at bar, plaintiffs assert that their expert can find no reason to suspect negligence on the part of the hospital—an assertion uncontested by defendants. As to any possible prejudice, defendant Morelli asserts that she will suffer prejudice by losing the opportunity to plead against the hospital and charge it with sole liability for plaintiffs' injuries. According to this argument, Rule 2252(d) provides her with the only procedure to file such a cross-claim against the hospital and requires that such cross-claim be made through the filing of an answer as new matter. However, since the complaint was filed only 14 days prior to the running of the applicable statute of limitations,* and since in the opinion of both defendants, certain vague allegations in the complaint made the interim filing of

---

* Pursuant to 42 Pa.C.S. §5524(2), a wrongful death action must be brought within two years of the date of the injured person's death, and a survival action must be brought within two years after the time when the injured person should reasonably have discovered the injury or cause of injury while alive. *Pastierik v. Duquesne Light,* 514 Pa. 517, 526 A.2d 323 (1987); *Symbula v. Johns-Mansville Corp.,* 514 Pa. 527, 526 A.2d 328 (1987). In all other respects the discovery rule is inapplicable to wrongful death and survival actions. *Id.* Since the date of the injured person's death here is alleged to be December 28, 1987, the statute of limitations for both the wrongful death action and the survival action had run by December 28, 1989, 14 days after the complaint was filed and nearly nine months before the amended complaint was filed.

preliminary objections necessary to prevent *Conner* amplification on the eve of trial, the time to cross claim set forth under Rule 2252(d) did not arise until *after* the running of the limitations period—that is, when the answer as new matter could be filed. Arguably, then, the granting of the discontinuance would cause defendant Morelli prejudice by denying her the ability to argue that the hospital was solely liable.

We agree that plaintiffs' complaint omits any theory of sole liability against defendant Nason Hospital, alleging only that the hospital was jointly and severally liable with defendant Morelli. The onus thus fell upon defendant Morelli to preserve the sole liability claim against the hospital by filing a cross-claim and joining it as an additional defendant on this theory. This mechanism is specifically permitted under Pa.R.C.P. 2252(a). *DiLauro v. One Bala Avenue Associates,* 357 Pa. Super. 209, 515 A.2d 939 (1986); *Svetz v. Land Tool Co.,* 355 Pa. Super. 230, 513 A.2d 403 (1986), allocatur denied, 527 A.2d 544 (1987). However, a cross-claim against a co-defendant on the theory of sole liability will be barred where the statute of limitations has already run on plaintiffs' original cause of action. *Wnek v. Boyle,* 374 Pa. 27, 96 A.2d 857 (1953); *Richards v. Alston,* 123 Pa. Commw. 95, 553 A.2d 488 (1989), allocatur denied, 574 A.2d 75 (1989); *Dickson v. Lewandowski,* 228 Pa. Super. 57, 323 A.2d 169 (1974). The rationale for this rule lies in the fact that a sole liability theory relates not to a right of the defendants but rather to the plaintiffs' cause of action. To preserve a theory of liability where plaintiffs would not be able to enforce judgment would, in effect, preserve nothing at all. *Wnek v. Boyle, supra; Dickson v. Lewandowski, supra.*

The rule is different where the cross claim avers that the additional defendant is liable over to him or is jointly and severally liable. An additional defendant or co-defendant may be joined on the theory of liability over or joint and several liability after the time period has run on the original action, because such liability relates to the duty of contribution or indemnification arising from the separate and distinct action between the defendant and additional defendant. *Wnek v. Boyle, supra; Dickson v. Lewandowski, supra; Kitchen v. Borough of Grampian,* 421 Pa. 464, 219 A.2d 685 (1966); *Curtis v. Kitner,* 37 Cumberland L.J. 52 (1986). After all, the running of the statute of limitations against plaintiffs' cause of action can have no effect on defendant's right to enforce his claim of contribution or indemnity. *Kitchen v. Borough of Grampian, supra.*

With respect to defendant Morelli's argument that the provision for joinder by "answer as new matter" under Rule 2252(d) prevented her from asserting her cross-claim against defendant Nason Hospital before expiration of the statute of limitations, we find this contention unpersuasive for several reasons.

First, the purpose for enacting Rule 2252 was not to modify or suspend the running of limitations periods, but merely to provide a shortcut procedure to avoid the cumbersome three-step process of severance, joinder and consolidation formerly required to join a person already a party to the action. *Ragan v. Steen,* 229 Pa. Super. 515, 331 A.2d 724 (1974). Indeed, the "answer as new matter" vehicle for joinder of a person already a party to the action first appeared in Rule 2252(d) after the 1961 amendment, and this language had no effect upon the courts' reasoning in *Dickson v. Lewandowski, supra,* and *Richards v. Alston, supra.* Further, the language "without . . . the filing of a praecipe for a

writ or a complaint" appeared in the 1969 amendment to Rule 2252(d) and similarly had no effect upon the above two decisions. In the view of this court, the intent of Rule 2252(d) was not to establish "answer as new matter" as the *exclusive* vehicle for joinder to cross claim against a co-defendant, but rather the rule merely sought to avoid unnecessary filings and to streamline the joinder procedure. We view the "answer as new matter" method as merely one *suggested* method to accomplish these ends.

Second, in many of the cases cited above, each respective plaintiff had waited until shortly before the end of the limitations period before filing suit, unilaterally barring the original defendant from joining an additional defendant under sole liability by means of this tactical delay. Yet, this fact was considered irrelevant with respect to the application of the statute of limitations in each case. *Wnek v. Boyle, supra; Richards v. Alston, supra; Dickson v. Lewandowski, supra.* If the courts would not permit an extension of the statute of limitations to preserve sole liability in these cases, it is difficult to see why we should permit one on the similar facts at bar.

Third, the Rules of Civil Procedure promulgated by our Supreme Court cannot suspend a substantive right legislatively conferred. *Marquez v. Hahnemann Medical College and Hospital of Philadelphia,* 56 Pa. Commw. 188, 424 A.2d 975 (1981). The statute of limitations appearing in 42 Pa.C.S. §5524(2) confers an absolute defense upon defendant Nason Hospital against actions brought after the two-year period. And defenses to causes of action have long been construed as vested, substantive rights. *Borough of Huntingdon v. Dorris,* 78 Pa. Super. 469, 475-6 (1922). Consequently, Rule 2252(d) may not be read to suspend or toll the operation of 42 Pa.C.S. §5524(2).

Fourth, while acceptance of defendant Morelli's argument requires a strict interpretation of Rule 2252(d), the appellate courts have consistently interpreted this rule in a broad manner as a permissive, rather than mandatory, procedure for the preservation of claims against co-defendants. In *Ianni v. Pantalone,* 238 Pa. Super. 548, 361 A.2d 772 (1976), the Superior Court held that the trial court erred in prohibiting defendant-physician in a medical malpractice action from joining defendant-hospital as an additional defendant *after the jury had returned its verdict.* Similarly, in *Ragan v. Steen,* 229 Pa. Super. 515, 313 A.2d 724 (1974), the court held that it was not necessary for defendant-hospital to plead against defendant-physician in answer as new matter under Rule 2252(d) to preserve the issue of indemnity on the part of defendant-physician. We are constrained in light of these cases to view Rule 2252(d) to be enacted merely for the sake of procedural efficiency, establishing the filing of an answer as new matter as a permissive, not exclusive, vehicle for the joinder of original defendants as additional defendants.

Fifth, the Rules of Civil Procedure are to be interpreted with common sense to carry out the purposes for which they were adopted. *Usner v. Duersmith,* 346 Pa. 494, 31 A.2d 149 (1943); *Swope v. Costello,* 47 D.&C. 696 (1943). Defendant Morelli's expressed reliance upon the "answer as new matter" provision in Rule 2252(d) in the face of a fast-approaching limitations deadline would seem to lack prudence, in our view, since she could have preserved the sole liability theory in timely fashion by simply filing a writ or complaint against Nason Hospital before the statute had run.

Therefore, since any claims against defendant Nason Hospital on the basis of its sole liability are

barred by the expiration of the two-year statute of limitations appearing in 42 Pa.C.S. §5524(2), the granting of plaintiffs motion for discontinuance to dismiss the hospital from the present action does not prejudice defendant Morelli. After December 28, 1989, the sole liability theory was lost forever. Of course, defendant Morelli may still join Nason Hospital by filing a writ or complaint under Rule 2252(b), but only upon the theory that the hospital is liable over or joint and severally liable.

With regard to defendant Nason Hospital's demurrer, we would be hard-pressed not to grant the relief requested. Although the amended complaint attempted to dismiss defendant Nason Hospital unilaterally without leave of court, we have already opined that plaintiffs' oral motion for discontinuance under Rule 229 cures this defect. In all respects other than the unilateral dismissal, then, the amended complaint remains in full effect. Since there are no allegations against the hospital whatsoever in the amended complaint, the pleading on its face would permit no recovery by plaintiff against the hospital, and defendant Nason Hospital's preliminary objections in the nature of a demurrer must be sustained. *Greensberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576 (1967), cert. denied, *Scarselletti v. Aetna Casualty & Surety Co.*, 392 U.S. 907 (1967); *Bendas v. Upper Saucon Twp.*, 127 Pa. Commw. 378, 561 A.2d 1290 (1989).

Finally, we consider defendant Morelli's motion for more specific pleading pursuant to Rule 1019(a) and *Connor v. Allegheny General Hospital,* 501 Pa. 306, n.3, 461 A.2d 600, n.3 (1983). These preliminary objections to the amended complaint raise questions that could have been raised in preliminary objections to the original complaint. The Rules of Civil Procedure imply a strong prohibition against such a

serial raising of objections. Pa.R.C.P. 1028(b), 1032; *Lexington Insurance Co. v. Commonwealth, Insurance Dept.,* 116 Pa. Commw. 259, 541 A.2d 834 (1988).

"Inherent in the entire scheme of the preliminary objections is the sanction against a series of preliminary dilatory steps . . . . [T]he defendant cannot attack the plaintiff's complaint in small bites. He cannot point out a particular defect by preliminary objection; have the court pass on it; compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint. This would make a travesty of the rule limiting the defendant to one dilatory stage. When an amended complaint is filed, defendant has the right of preliminary objections, but it is limited solely to matters which are new in the amended pleading and did not present themselves in the original complaint, or to which he objected in the original complaint but which he considers still objectionable." Goodrich-Amram 2d §1017(b):4.

For this reason, the motion for more specific pleading is denied.

## ORDER

And now, January 30, 1991, upon consideration of defendant Ruth Morelli's preliminary objections to plaintiffs' amended complaint, defendant Nason Hospital's preliminary objections to plaintiffs' amended complaint in the nature of a demurrer, plaintiffs' motion to discontinue this action as against defendant Nason Hospital, briefs submitted by counsel and oral argument thereon, it is hereby ordered, directed and decreed that all of defendant Morelli's objections and motions are denied, plain-

tiffs' motion to discontinue the cause against defendant Nason Hospital is granted, and defendant Nason Hospital's demurrer is granted. We hereby direct the prothonotary of this court to strike the name of Nason Hospital from the caption in the docket.

In the interest of judicial economy, it is further ordered that defendant Morelli shall have 30 days from the date of this order to file a writ or complaint against Nason Hospital to preserve any rights of contribution or indemnity. Further, defendant Morelli shall file its answer to plaintiffs' amended complaint within 30 days of the date of this order.