541 A.2d 834

Lexington Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department et al., Respondent.

Argued March 24, 1988, before Judges MACPHAIL, COLINS and MCGINLEY, sitting as a panel of three.

*Scott T. Redman,* with him, *Joseph J. Bosick, Pietragallo, Bosick & Gordon,* for petitioner.

*Thomas F. Halloran,* Senior Deputy Attorney General, with him, *Daniel B. Winters* and *James S. Lewis,* Deputy Attorneys General, *John G. Knorr, III,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MCGINLEY, May 20, 1988:

This matter falls within the Court's original jurisdiction[1] and is before us on preliminary objections and preliminary objections to the preliminary objections.

Plaintiff, Lexington Insurance Company, filed a praecipe for a writ of summons to be issued against and served on the Commonwealth of Pennsylvania, Insurance Department, James S. Lewis, Kramer Capital Consultants, Inc., Paul Sweeney, Hugh O'Brien, and Paul Tyahla (Commonwealth Defendants), and SCOR Reinsurance Company (SCOR). A complaint subsequently was filed and served. The complaint alleged that the defendants breached a fiduciary or contractual duty, and that, as a result, Lexington was exposed to a liability which it otherwise would have avoided. Thereafter the Commonwealth Defendant filed a document entitled application for a rule to show cause why the complaint should not be dismissed based upon the existence of a pending liquidation,[2] contending that the

---

[1] 42 Pa. C. S. §761(a)(1).

[2] *Brown v. Northeastern Fire Insurance Company of Pennsylvania,* No. 2132 C.D. 1982. By order of October 19, 1982, this Court directed that no action at law or equity shall be commenced or prosecuted nor any judgment be entered against nor shall any execution or attachment be issued or prosecuted against Northeastern Fire Insurance Company of Pennsylvania and/or Special Deputy Rehabilitator until further order of this Court.

matter should proceed as a proof of claim in the liquidation proceeding. SCOR filed a similar application. Following Plaintiff's reply, by order of October 1, 1987, this Court ordered that the applications for rule to show cause would be treated as motions to dismiss and that the motions would be denied. The Commonwealth Defendants then filed preliminary objections, consisting of three demurrers, and an objection that Plaintiff failed to comply with Pa. R.C.P. No. 1019(h). Plaintiff filed preliminary objections to the preliminary objections requesting that the Defendants' preliminary objections be dismissed as violative of Pa. R.C.P. No. 1028(b).

Plaintiff contends that the issue which the Commonwealth Defendants raised in their application for rule to show cause was an issue which could have been raised by preliminary objection pursuant to Pa. R.C.P. No. 1017, that the application for a rule to show cause should be considered as having raised a preliminary objection, and that, by not filing all of their preliminary objections at one time, the Commonwealth Defendants have waived their right to raise other preliminary objections. We agree. We sustain Plaintiff's preliminary objections to the preliminary objections and we dismiss the Commonweath Defendants' preliminary objections. Consequently, we do not address the merits of the Commonwealth Defendants' preliminary objections.

Because this matter is brought within our original jurisdiction the Pennsylvania Rules of Civil Procedure govern pleading.[3] Pa. R.C.P. No. 1017(b) and Pa. R.C.P. No. 1028 control the use of preliminary objections. Pa. R.C.P. No. 1017(b) provides as follows:

(b) preliminary objections are available to any party and are limited to

---

[3] Pa. R.A.P. 106.

(1)  a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

(2)  a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3)  a motion for a more specific pleading;

(4)  a demurrer, which may not include the bar of a statute of limitations or frauds; and

(5)  a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action.

The Commonwealth Defendants' application for a rule to show cause raised the issue of pendency of a prior action, a defense which may be raised by way of preliminary objection. Pa. R.C.P. No. 1017(b)(5).

Pa. R.C.P. No. 1028(b) provides in relevant part that "all preliminary objections shall be raised at one time." The issue which confronts us is whether the Commonwealth Defendants may avoid the dictates of Pa. R.C.P. No. 1028(b) by raising in an application for a rule to show cause the same issue which may be raised by preliminary objection. We are constrained to answer this question in the negative.

The Rules imply a strong prohibition against a serial raising of objections. Pa. R.C.P. Nos. 1028(b), 1032.

Inherent in the entire scheme of the preliminary objections is the sanction against a series of preliminary dilatory steps. Even where an objection is one which is not waived if not raised preliminarily, the defendant may lose the right to raise it at a preliminary stage if he does not follow the strict command of the Rules.

Goodrich-Amram 2d §1017(b):4. A defendant may not be permitted to defeat this rule by miscaptioning a

pleading as an application for a rule to show cause when the pleading, in fact, raises a preliminary objection.[4]

The Commonwealth Defendants acknowledge[5] that on their face the preliminary objections which they filed violate Pa. R.C.P. No. 1028(b), but they ask us to dismiss the Plaintiff's preliminary objections to the preliminary objections pursuant to Pa. R.C.P. No. 126.[6] We do not believe that it would be proper to apply Rule 126 to this matter.[7] The Commonwealth Defendants have not been prejudiced. Three out of their four preliminary objections are demurrers. The Commonwealth Defendants have not waived their right to raise at a later stage in the proceedings the defense of failure to state a claim upon which relief can be granted. Pa. R.C.P. No. 1032(1). Their fourth preliminary objection concerns Plaintiff's alleged failure to attach a contract to its complaint. The Commonwealth Defendants will be able to request the submission of this document in discovery. Furthermore, even if the Commonwealth De-

---

[4] We do not imply that the Commonwealth Defendants purposefully miscaptioned their application for a rule to show cause, but a future defendant might do so to circumvent the intent of Pa. R.C.P. No. 1028(b).

[5] The Commonwealth Defendants did not file a brief in opposition to Plaintiff's preliminary objections to preliminary objections, but they addressed this issue orally during argument before the Court.

[6] Pa. R.C.P. No. 126 states as follows: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

[7] Had the Commonwealth Defendants requested permission to amend their application for a rule to show cause prior to this Court's ruling thereon, to recaption it as a preliminary objection and to include other preliminary objections, such an amendment would have been a proper application of Pa. R.C.P. No. 126.

fendants had waived their right to raise certain issues, we would decline to exercise Pa. R.C.P. No. 126. This rule permits a court to disregard a procedural defect; the rule clearly does not prohibit a court from imposing a sanction for failure to comply with a duly promulgated rule. *Hesselgesser v. Glen Craft Contractors, Inc.*, 287 Pa. Superior Ct. 319, 430 A.2d 305 (1981).

Consequently, we sustain Plaintiff-Petitioner's preliminary objections to the preliminary objections and we dismiss the Commonwealth Defendants-Respondents' preliminary objections. Respondents have 30 days to file an answer.

ORDER

Now, this 20th day of May, 1988, we sustain Plaintiff-Petitioner's preliminary objections to preliminary objections and we dismiss the Defendants-Respondents' preliminary objections. Respondents have 30 days to file an answer.