## RTC Mortgage Trust 1994-S-5 v. Zitofsky

C.P. of Luzerne County, no. 5359-C of 1995.

*David Laigaie,* for plaintiff.
*Joan Sullivan,* for defendants.

STEVENS, *J.,* September 5, 1996—

## NATURE OF PROCEEDINGS

This matter is before the court on defendants' preliminary objections to plaintiff's new matter in the nature of a motion to strike plaintiff's new matter or, in the alternative, a motion for a more definite statement.

## HISTORY AND FACT

On December 30, 1988, defendants borrowed $700,000 from Atlantic Financial Federal Savings and Loan Association. As security for the loan, defendants executed and delivered a promissory note, mortgage and collateral assignment of leases.

Defendant allegedly defaulted on the loan by failing to make the requisite payments under the terms of the note and mortgage. As a result of the default, plaintiff filed the present action in mortgage foreclosure on September 15, 1995.

Plaintiff alleges that the amount due and owing is $851,297.42, which includes outstanding principal, interest, and attorney fees.

On October 17, 1995, defendants filed preliminary objections to the complaint in mortgage foreclosure, and this court denied defendants' preliminary objections.

On March 18, 1996, defendants filed an answer, new matter, and counterclaim, and in response, plaintiff asserted new matter.

On May 10, 1996, defendant filed preliminary objections to plaintiff's new matter in the nature of a motion to strike, or in the alternative, a motion for a more specific pleading.

## LAW AND DISCUSSION

The first issue raised by defendants is whether plaintiff's new matter should be dismissed because it asserts defenses not raised by preliminary objection. This blank assertion demonstrates a lack of understanding of the Pennsylvania Rules of Civil Procedure.

Defense counsel cites *Lexington Insurance Co. v. Commonwealth, Insurance Department,* 116 Pa. Commw. 259, 541 A.2d 834 (1988); however, that case offers no support since it merely states that when preliminary objections are filed they must all be raised at once because those preliminary objections that are not raised are waived. There is no indication in that case that defenses must be raised by preliminary objection not to be waived.

To the contrary, Pennsylvania Rule of Civil Procedure no. 1032(a), entitled "waiver of defenses," states:

"A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other nonwaivable defense or objection."

Moreover, Pennsylvania Rule of Civil Procedure 1030, entitled "new matter," provides in pertinent part:

"(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of . . . statute of frauds, statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'new matter.' A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

Defendants' contention that plaintiff's new matter should be stricken because the defenses presented had not been raised by preliminary objection is ludicrous, without merit, and is therefore dismissed.

Defendants next request that this court require plaintiff to file a more specific pleading in reference to plaintiff's new matter. After a review of the pleading and in light of the clear language of Pa.R.C.P. 1030, that request is also denied.

Finally, defendants again make a spurious, two-sentence "argument" in reference to plaintiff's failure to attach certain documents referred to by plaintiff in the new matter. This contention is also without merit.

Plaintiff has requested that the court consider granting plaintiff's attorney's fees pursuant to 42 Pa.C.S. §2503 for defendants' conduct in filing the within preliminary objections.

"[T]he court may require an award of counsel fees if the party's conduct during the pendency of the matter is dilatory, obdurate or vexatious." *In re Estate of Liscio,* 432 Pa. Super. 440, 638 A.2d 1019 (1994), citing 42 Pa.C.S. §2503(7). The Pennsylvania Superior Court in *Liscio* stated, as follows:

"It has repeatedly been held that, the intent of the rule permitting the recovery of counsel fees is not to punish all of those who initiate actions which ultimately fail, as such a course of action would have a chilling effect upon the right to raise a claim. (cite omitted)

Rather, the aim of the rule is to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party." *Id.* at 446, 638 A.2d at 1022.

The court finds that defendants have demonstrated such dilatory, obdurate and vexatious conduct in the filing of the preliminary objections to plaintiff's new matter so as to satisfy an award of counsel fees to plaintiff.

### ORDER

And now, September 5, 1996, it is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objections of defendants are denied and dismissed; and

(2) Defendants shall have 20 days in which to file a responsive pleading; and

(3) Plaintiff is awarded against defendants reasonable counsel fees incurred in the defense of the preliminary objections filed by defendants; and

(4) The prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.