# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,       :
Department of Environmental Protection,   :
                     Petitioner       :
                            :
               v.       : No. 126 M.D. 2017
                            : ARGUED:  October 4, 2019
Grant Township of Indiana County and   :
The Grant Township Board of Supervisors,  :
                   Respondents   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED:  March 2, 2020**

       Before this Court for disposition is the "Application for Summary Relief to Dismiss [Respondents'] Constitutional Claims Because Statutory Relief is Available" (Application) filed by Petitioner, the Commonwealth of Pennsylvania, Department of Environmental Protection (DEP), and the "Answer to Application to Dismiss" (Answer) filed by Respondents, Grant Township of Indiana County and the Grant Township Board of Supervisors (collectively, the Township).  This case involves the Township's use of its Home Rule Charter (Charter) to prohibit oil and gas waste fluid injection wells and to preclude application of state laws pertaining

to depositing waste from oil and gas extraction when they conflict with the Charter. For the reasons that follow, we deny the Application.[1]

In March 2017, DEP filed a "Petition for Review in the Nature of a Complaint Seeking Declaratory and Injunctive Relief" alleging, in pertinent part, as follows. In June 2014, the Township in its capacity as a second-class township passed a local ordinance defining the phrase "depositing of waste from oil and gas extraction" and prohibiting that activity within the Township. (Petition for Review, ¶19.) In August 2014, Pennsylvania General Energy Company, LLC (General Energy) filed a complaint in federal court challenging the validity of that ordinance. In March 2015, General Energy filed an application for a change-in-use well permit (Well Permit) seeking DEP's allowance to convert an existing natural gas well into an underground injection disposal well for the disposal of brine and other oil and gas wastes. In August 2015, DEP suspended review of the Well Permit pending the outcome of the federal litigation. In October 2015, the federal court ruled, in relevant part, that the ordinance provisions violated the Second Class Township Code[2] and were unlawfully exclusionary. (*Id*., ¶22.)

In November 2015, the Township's citizens adopted the Charter with the following disputed provisions: **Article VIII**–defining "depositing of waste from oil and gas extraction"; **Section 301**–prohibiting any corporation or government from engaging in the aforementioned activity; **Section 302**–providing that state or

---

[1] With respect to summary relief, Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). The Court should deny the application if there are material issues of fact in dispute or if it is not clear that the applicant is entitled to judgment as a matter of law. *Hennessey v. Pa. Bd. of Pardons*, 655 A.2d 218 (Pa. Cmwlth. 1995).

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

federally issued permits, licenses, privileges, charters, or other authorizations in violation of the Charter shall be deemed invalid within the Township; **Section 303**–providing that any corporation or government that violates the Charter shall be guilty of a summary offense; and **Section 306**–providing that all state laws or agency rules shall be the law of the Township only to the extent that they do not violate rights or prohibitions recognized by the Charter. (*Id*., ¶¶24-28.)

In March 2017, DEP granted General Energy's Well Permit pursuant to Section 3211 of the 2012 Oil and Gas Act (Oil and Gas Act), 58 Pa.C.S. § 3211. (*Id*., ¶29.) At that time, DEP also filed the instant Petition for Review with the following counts: Count I–Declaratory Judgment (Express Preemption); Count II–Declaratory Judgment (Implied Preemption); Count III–Declaratory Judgment (Violation of Home Rule Charter and Optional Plans Law);[3] Count IV–Declaratory Judgment-Sovereign Immunity; and Count V–Injunctive Relief. In summary, DEP in its Petition for Review seeks declaratory relief that state laws such as the Oil and Gas Act and the Solid Waste Management Act (SWMA)[4] preempt the Charter's prohibition on oil and gas waste fluid injection wells. Subsequently, the Township filed an Answer, New Matter, and five Counterclaims to DEP's Petition for Review.[5] DEP filed Preliminary Objections to New Matter and all five Counterclaims.

In *Department of Environmental Protection v. Grant Township of Indiana County and The Grant Township Board of Supervisors*, (Pa. Cmwlth., No. 126 M.D. 2017, filed May 2, 2018) ("*Grant Township I*"), the Court sustained in

---

[3] 53 Pa.C.S. §§ 2901-2984.

[4] Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101-6018.1003.

[5] The Township describes its claims and counts using the singular term "counterclaim" and its specific requests for relief as "counts." We have adopted DEP's method of referring to the Township's counts as counterclaims.

3

part and overruled in part DEP's Preliminary Objections.[6]  In addition, we struck specific paragraphs of the New Matter[7] and directed DEP to file and serve its answer to the remaining counterclaims, Counts 3 and 4, within thirty days.

---

[6] The Court sustained DEP's preliminary objections to Counterclaims 1, 2, and 5.  In Counterclaim 1, the Township sought a declaration that the Charter is a valid law adopted pursuant to the people's right to self-government and an order enjoining DEP from violating the Charter.  In Counterclaim 2, the Township sought an order enforcing Section 306 of the Charter (providing that state laws shall be the law of the Township only to the extent that they do not violate the Charter), a declaration that any interpretation of the Oil and Gas Act and SWMA preempting the Charter violates the people's right to self-government, and an order enjoining DEP from violating the Charter.  In sustaining DEP's preliminary objections, the Court acknowledged the Township's right to enact the Charter but commented that "[t]his does not mean, however, that local laws must prevail over state and federal laws and the Township has cited no authority for any such proposition."  *Grant Twp. I*, slip op. at 15.  Further, the Court observed that accepting the Township's basis for Counterclaims 1 and 2 "would mean that the doctrine of preemption would never apply." *Id*.

In Counterclaim 5, the Township sought a declaration that, by issuing the Well Permit, DEP violated and continues to violate Section 301 of the Charter.  Further, the Township alleged that DEP's issuance of the Well Permit in violation of the Charter rendered the permit invalid under Section 302 and that DEP was guilty of an offense and subject to penalties under Section 303 for issuing the permit.  The Court sustained DEP's preliminary objection, ruling that doctrine of exhaustion of administrative remedies applied and that the Township failed to appeal DEP's grant of the Well Permit.

[7] The Court struck the following paragraphs from the Township's New Matter:

> 68. In light of [General Energy's] past and current violations of environmental regulations, DEP's decision to grant [it] a permit to dispose of fracking waste in [the] Township is yet another failure by DEP to protect the people's health, safety and welfare, including their right to clean air, water, and soil, and of its duty to preserve the natural, scenic, historic and esthetic values of the environment.

> 69. Even if preemption could be applied to the Charter, which it cannot, [] *DEP has waived any right to assert the doctrine of preemption* by failing to protect the health, safety, and welfare of the people of [the] Township, including by failing to prevent the disposal of fracking waste.

> 70. Even if preemption could be applied to the Charter, which it cannot, [] *DEP is estopped from asserting the doctrine of*

Subsequently, DEP filed the instant Application seeking summary relief with respect to Counterclaims 3 (Declaratory Judgment–The Charter is a Valid Law Pursuant to the Environmental Rights Amendment (ERA)) and 4 (Violation of the ERA).[8]  In those counterclaims, the Township alleged that the Charter provisions challenged by DEP were enacted pursuant to the ERA and thus are valid enforcements of constitutional rights which cannot be preempted by state statute.  In addition, it alleged that DEP has violated its public trustee duties to the citizens under the ERA and violated the ERA by attempting to prevent the people of Grant Township from protecting their rights thereunder.  Earlier, in overruling DEP's preliminary objections to these counterclaims, the Court had reasoned:

> *preemption* because it failed to protect the health, safety, and welfare of the people of [the] Township, including by failing to prevent the disposal of fracking waste.
>
> . . . . .
>
> 83. DEP failed to exercise its independent judgment and was unduly influenced by corporate interests in issuing the Permit and in initiating this legal action.

(New Matter ¶¶ 68-70 and 83) (emphasis added).  The Court determined that the Township failed to exhaust an administrative remedy and was collaterally attacking DEP's issuance of the Well Permit "on the ground that DEP failed to fulfill its constitutional and statutory duties to protect the environment." *Grant Twp. I*, slip op. at 10.  The Court reasoned, "[t]his is simply another way of claiming that the permit should not have been granted because of environmental hazards." *Id*.

[8] The Environmental Rights Amendment provides:

> Natural resources and the public estate.  The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment.  Pennsylvania's public natural resources are the common property of all the people, including generations yet to come.  As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

PA. CONST. art. I, §27.

> If the Township at trial is able to prevail on its claim in [Counterclaim] 3 that the provisions of the Oil and Gas Act and SWMA are unconstitutional, then necessarily those statutory provisions could not serve to preempt local ordinances, and DEP could be enjoined from enforcing them. Similarly, if it can prove its claim in [Counterclaim] 4 that these statutes are being unconstitutionally applied by DEP, an injunction could issue. We cannot say at this time that the Counterclaims asserted in Counts 3 and 4 are so clearly without merit that they must be preliminarily dismissed. Scientific and historical evidence concerning environmental issues, and evidence of DEP's actions may be necessary to fully adjudicate these Counterclaims as well as DEP's [Petition for Review]. Accordingly, this demurrer must be overruled and the issue must await further proceedings.

*Grant Twp. I*, slip op. at 15-16.

In support of the present Application, DEP contends that the Court should dismiss Counterclaims 3 and 4 because the Township failed to pursue statutory remedies before initiating constitutional challenges. Further, DEP asserts that there are no facts at issue because the Township has not contested the availability of a statutory remedy and, to the contrary, has acknowledged that it has not adopted local zoning laws or ordinances in an attempt to exercise its statutory authority to regulate injection wells.[9] Further, DEP maintains that its right to relief is clear because the Township has statutory remedies available under the Oil and Gas Act and the Pennsylvania Municipalities Planning Code (MPC)[10] such that the Court is not absolutely required to decide the constitutional challenges to state

---

[9] DEP notes the Township's explanation for not using other processes: "[R]egulating the depositing of waste from oil and gas extraction through zoning would be wholly insufficient to protect the people's environmental rights and is, in fact, unavailable. Given Grant Township's small population of around 700 people, it does not have a planning commission or a zoning code." (App., ¶28.)

[10] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

6

statutes and should refrain from doing so consistent with well-established judicial precedent. *Commonwealth v. Janssen Pharmaceutica, Inc.,* 8 A.3d 267, 271 (Pa. 2010); *Commonwealth to Use of Dollar Sav. & Tr. Co. v. Picard*, 145 A. 794 (Pa. 1929).

Additionally, with respect to the Township's choice not to pursue any allegedly available statutory remedy, DEP maintains that we should first consider the legality and constitutionality of the disputed Charter provisions *before* engaging in any constitutional analysis of state statutes. In this regard, DEP asserts that the Township's constitutional challenge of state statutes rests on a Charter that is itself in conflict with state law and that pursuant to the Township's allegedly flawed logic, a constitutional challenge would proceed to a hearing in the absence of a lawful basis for the challenge.

DEP's position is without merit. First, DEP previously asserted, in its first preliminary objection, that the Township had failed to utilize a statutory remedy. While that objection cited the Township's failure to appeal General Energy's Well Permit and the present application cites a different statutory remedy (the Municipalities Planning Code), it is the same objection under a different legal theory. Even if the two claims are considered to be distinct, DEP's attempt to raise this issue in this Application is tantamount to a prohibited serial raising of objections by captioning a preliminary objection as something else. *Lexington Ins. Co. v. Commonwealth, Ins. Dep't*, 541 A.2d 834, 836 (Pa. Cmwlth. 1988) (Pa. R.C.P. No. 1028(b) provides that all preliminary objections shall be raised at one time, the purpose of which is to prevent a series of preliminary dilatory steps).

Moreover, this Court in *Grant Township I* already rejected DEP's argument that the Township could not proceed with constitutional defenses to its

preemption claims.[11]  In so doing, we reasoned that if the Township was able to prevail on Counterclaims 3 and 4 at trial, then (1) the unconstitutional provisions of the Oil and Gas Act and SWMA could not serve to preempt local ordinances and DEP could be enjoined from enforcing them; and (2) an injunction could issue due to DEP's unconstitutional application of the statutes.  *Id.*, slip op. at 16.  As the Court noted:

---

[11] Section 3302 of the Oil and Gas Act, in pertinent part, provides as follows with respect to preemption:

> Except with respect to local ordinances adopted pursuant to the [MPC] and the act of October 4, 1978 (P.L. 851, No. 166), known as the Flood Plain Management Act, all local ordinances purporting to regulate oil and gas operations regulated by Chapter 32 (relating to development) are hereby superseded.  No local ordinance adopted pursuant to the MPC or the Flood Plain Management Act shall contain provisions which impose conditions, requirements or limitations on the same features of oil and gas operations regulated by Chapter 32 or that accomplish the same purposes as set forth in Chapter 32.  ~~The Commonwealth, by this section, preempts and supersedes the regulation of oil and gas operations as provided in this chapter.~~

58 Pa.C.S. § 3302 (last sentence stricken as unconstitutional, preemption language left intact). "Local ordinance" is defined in Section 3301 of the Oil and Gas Act as "[a]n ordinance or other enactment, including a provision of a home-rule charter, adopted by a local government that regulates oil and gas operations."  58 Pa.C.S. § 3301.

Additionally, in *Frederick v. Allegheny Township Zoning Hearing Board*, 196 A.3d 677 (Pa. Cmwlth. 2018), *appeal denied*, 208 A.3d 462 (Pa. 2019), this Court discussed the extent to which municipalities may regulate oil and gas operations.  We observed that "[*Robinson Township v. Commonwealth*, 83 A.3d 901 (Pa. 2013) (plurality)] *Robinson Township II* did not give municipalities the power to act beyond the bounds of their enabling legislation."  *Id.* at 697. Further, we noted that "[m]unicipalities lack the power to replicate the environmental oversight that the General Assembly has conferred upon DEP and other state agencies."  *Id.* (footnote omitted).  We concluded that "[n]either [*Pennsylvania Environmental Defense Foundation v. Commonwealth*, 161 A.3d 911 (Pa. 2017)] *Environmental Defense Foundation II* nor *Robinson Township II* has altered the fundamental principles of Pennsylvania's system of state and local governance."  *Id.*

8

> It is clear that the Township seeks a declaration [that] the Oil and Gas Act, the SWMA, and DEP's enforcement of these statutes, violate the [ERA], and therefore that they are powerless to preempt the Township's Charter.

*Id.*

In sum, the Township seeks to prove that hydrofracking and disposal of its waste is so dangerous to the environment as to be in violation of the ERA, and thus that the statutes upon which DEP bases its preemption claims are constitutionally invalid. While the Township may or may not be able to prevail on its constitutional claims, this Court has already ruled that it may attempt to do so in defense of DEP's lawsuit, and this application for summary relief is nothing more than a collateral attack on that decision.

Accordingly, we deny the Application.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Environmental Protection, :
               Petitioner :
                :
           v. : No. 126 M.D. 2017
                :
Grant Township of Indiana County and :
The Grant Township Board of Supervisors, :
               Respondents :

# **O R D E R**

AND NOW, this 2nd day of March, 2020, upon consideration of Petitioner's Application for Summary Relief and Respondents' Answer thereto, we hereby DENY the Application.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Commonwealth of Pennsylvania,                :
Department of Environmental Protection,      :
                  Petitioner      :
                                         :
         v.                                :   No. 126 M.D. 2017
                                         :   Argued: October 4, 2019
Grant Township of Indiana County and         :
The Grant Township Board of Supervisors,     :
            Respondents      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

CONCURRING OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: March 2, 2020

       I concur in the majority's holding that the Department of Environmental Protection (DEP) cannot use an application for summary relief as a vehicle to revisit preliminary objections that were already overruled by the Court. I write separately to note that Grant Township may proceed with its two remaining counterclaims because, to the best of my understanding, it raises only facial constitutional challenges to the Oil and Gas Act[1] and the Solid Waste Management Act,[2] *i.e.*, that certain provisions of those statutes are unconstitutional under the Environmental Rights Amendment in Article I, Section 27 of the Pennsylvania Constitution. The Township cannot raise as-applied challenges to the statutes because, as noted by the majority, this Court has already ruled that the Township can

---

[1] 58 Pa. C.S. §§2301 – 3504.

[2] Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§6018.101 – 6018.1003.

no longer challenge the permit issued to General Energy because it did not appeal DEP's grant of that permit.

 

_____
MARY HANNAH LEAVITT, President Judge